213 So.2d 386

**STATE of Alabama**

v.

**John RIGAS et al.**

**I Div. 492.**

Supreme Court of Alabama.

Sept. 19, 1968.

Wm. H. Card, Jr., Mobile, for appellant.

Chas. S. Street, of Tyson, Marr & Friedlander, Mobile, for appellees.

KOHN, Justice.

Plaintiff (appellant), State of Alabama, filed condemnation proceedings in the probate court of Mobile County involving certain lands in Mobile owned by defendants (appellees). There was an award made by the commissioners, pursuant to the probate court proceedings, on February 10, 1967, in the amount of $13,000.

Plaintiff, State of Alabama, appealed to the circuit court of Mobile County where a jury trial was held and a verdict and judgment rendered on June 22, 1967, in an amount of $16,000.

Within the time required by law, and as prescribed by law, the plaintiff, State of Alabama (appellant), filed a motion for a new trial which was overruled.

Assignments of error Nos. 1, 3, 6, 8 and 11, deal with the alleged error of the court in allowing the admission of testimony of comparative values of certain property with the tract that was condemned.

Assignments of error Nos. 2, 5, 7, 9 and 10 involve the contention that a proper predicate was not laid for the admissibility of testimony of other comparative land values.

Assignment of error No. 4 had as its basis for error the remoteness of time in the sale of other land, and the admission of testimony of such sale or sales as a guide for comparative value.

Assignment of error No. 12 is based upon the alleged error of the lower court in overruling appellant's motion for a new trial.

There are no new or novel points or principles involved on the issues on this appeal.

The amount of the award was peculiarly the prerogative of the jury to determine. There exists, from the record, no basis to hold that the award was due to bias, passion, prejudice or other improper motive on the part of the jury. The trial court's action in overruling the motion for a new trial was correct. State v. Ryan, 281 Ala. 444, 203 So.2d 681.

We adhere to the principle, long existing in this jurisdiction, that in condemnation proceedings, it is generally recognized that the conclusion of the original trier of facts, the court or the jury (in this case it was the jury), who saw and heard the witnesses and observed their conduct and demeanor is entitled to great weight. Pappas v. Alabama Power Co., 270 Ala. 472, 119 So.2d 899.

Furthermore, another principle long existing in this jurisdiction is that when the presiding judge refuses to grant a new trial, the favorable presumption attending the verdict of the jury is thereby strengthened. Pappas v. Alabama Power Co., supra; Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830.

As to the contention relative to the question of the admissibility of evidence of sales price of other lands voluntarily sold and the question of similarity of such other land with that which is being condemned, we adopt the view as expressed in Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170, 87 A.L.R.2d 1148, that the general rule is that evidence of the sales price of other lands voluntarily sold is admissible on the issue of value if the conditions surrounding the two tracts of land are similar and if the

sale was neither too remote in point of time, nor of such character as to indicate that it did not represent the true value of the property. See, also, Sayers v. City of Mobile, 276 Ala. 589, 165 So.2d 371, 9 A.L.R.3d 283; Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308.

■ As to the assignment of error relative to the admitting into evidence of documents relating to a sale of other property, the sale involved being on July 2, 1964, we do not think this sale, under the evidence in the record, was too remote nor of such character as to indicate that it did not represent the true value of the property at issue. Popwell v. Shelby County, supra.

We hold that a proper predicate was laid for the admission of testimony relating to the value of other lands sold, and that the assignment of error involving this point was without merit under the evidence as established by the record.

■ In condemnation cases, to justify a reversal of the condemnation award, the reviewing court must conclude that substantial prejudice resulted. Supreme Court Rule 45, 279 Ala. XXI, XLI, Recompiled Code 1958, Title 7, Appendix. We do not think, after reviewing the evidence, that any substantial prejudice to the rights of appellant was occasioned by the rulings of the trial court. State v. Young, 275 Ala. 648, 157 So.2d 680.

After a careful review of the record, the assignments of error, and appellant's brief, we find nothing in the record to put the trial court in error.

The judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.