296 So.2d 712

**STATE of Alabama**

v.

**Hugh GARRIS et al.**

**SC 628.**

Supreme Court of Alabama.

June 20, 1974.

McCorquodale & McCorquodale, Jackson, for the State.

Edward P. Turner, Jr., Chatom, and Adams, Gillmore & Adams, Grove Hill, for appellees.

FAULKNER, Justice.

The State of Alabama appeals from a judgment of the Circuit Court of Washington County, entered in a highway condemnation suit.

The commissioners appointed by the Probate Court fixed the compensation at $33,797.00. The State appealed to the Circuit Court, demanding a trial by jury. The jury fixed the compensation at $40,000.00.

During the Circuit Court proceedings, both sides stipulated the necessity of acquiring the property. The only issue before the Circuit Court was the amount of compensation owed to the landowner for the taking of his property.

The appeal to this court is predicated upon one assignment of error involving the overruling of an objection to a question propounded to a witness for Garris. The other assignment of error was waived by the State. For reasons stated the judgment of the Circuit Court is affirmed.

During the trial a witness for the State gave testimony concerning prices paid for land in two earlier private sales of supposedly comparable tracts in the same vicinity. Such evidence is admissible provided the tracts are of the same quality and kind, in the same locality, and the sale is not too remote in time to provide a valid comparison, and was voluntarily made. This is called the "Massachusetts" rule which has been adopted in this State. State v. Boyd, 271 Ala. 584, 126 So.2d 225 (1960); Southern Electric Generating Company v. Leibacher, 269 Ala. 9, 110 So. 2d 308 (1959). When Garris presented his evidence in the case, he put on a witness who testified to a third private sale of a comparable nature which "was about four years ago." This witness had, in fact, been the vendee in one of the earlier sales

testified to by the witness for the State. The third sale involved a part of one of the parcels of land discussed by the State's witness. It was during the questioning of the witness for Garris that the alleged error was committed.

"Q. Well, now, would you tell the jury what you paid Porter McKenzie for that piece of property?

"MR. McCORQUODALE: Judge, I object on the ground it is not a comparable sale . . .

"JUDGE LINDSEY: Overrule the objection.

"MR. McCORQUODALE: Except.

"Q. What did you pay Porter McKenzie for that less than an acre that you were talking about, the first purchase?

"A. Twenty-three hundred dollars.

"Q. Twenty-three hundred dollars?

"A. Right."

■■ This court has said on numerous occasions that when one side objects to a question, and the court rules on the objection, and the question is asked again in a slightly different manner, an objection must be made again or it is waived. Pardue v. Citizens Bank & Trust Company, 287 Ala. 50, 247 So.2d 368 (1971); Madison Highlands Development Company v. Hall, 283 Ala. 333, 216 So.2d 724 (1968); State v. Hodge, 280 Ala. 422, 194 So.2d 827 (1967); Southern Electric Generating Company v. Leibacher, supra. In *Madison* a witness was asked a question to which respondent objected. The objection was overruled and the question was never answered. A similar question was then asked, but no objection was made. This court held there was no error in overruling the objection, because any error in asking the question was harmless since it was never answered. Failure to object to the second question or answer constituted a waiver. The scenario here mirrors that in *Madison*. Failure to object to the second question constituted a waiver.

■ This court is of the opinion that the ruling by the trial court had no adverse effect on the State's case. The testimony of the witness for Garris tended to support the lowest valuation placed on the land by any previous witness from either side. A witness for the State placed a value of $2,500 per acre for the condemned property after taking all factors into consideration. Obviously, the jury did not consider the testimony of the Garris witness who testified as to the third "comparable sale," or they would have come in with a lower award if based on the various prices discussed by the witnesses. It appears the State is trying to "burn the candle at both ends." Rule 45, Rules of Supreme Court, provides that there can be no reversal unless " . . . it should appear that the error complained of has probably injuriously affected substantial rights of the parties." Cf. Blackwell v. Sewall, 280 Ala. 359, 194 So.2d 519 (1967); State v. Hodge, supra; Occidental Life Insurance Company v. Nichols, 266 Ala. 521, 97 So.2d 879 (1957).

Affirmed.

MERRILL, HARWOOD and McCALL, JJ., concur.

HEFLIN, C. J., concurs in the result.