306 So.2d 260

**STATE of Alabama**

v.

**Johney J. BUSBY, etc., et al.**

**SC 673.**

Supreme Court of Alabama.

Jan. 16, 1975.

Samuel L. Stockman, Mobile, for appellees.

William H. McDermott, Sp. Asst. Atty. Gen., Mobile, for the State.

BLOODWORTH, Justice.

The State of Alabama appeals from a judgment of the Circuit Court of Mobile County rendered on a jury verdict awarding appellee landowner $145,000 damages for the condemnation of 3.57 acres of his land for highway purposes. We affirm.

The landowner owned a 34.47 acre tract located in Mobile County in the area known as Tillman's corner. The area is well developed commercially. The tract was bounded on the east by U. S. Highway 90 and on the south by Nevius Road. The condemned portion, although treated as one 3.57 acre parcel for the purposes of the suit, actually consists of two separate parcels. Parcel No. 1 is a 1.67 tract at the northwest intersection of U. S. Highway 90 and Nevius Road. Parcel No. 2 is a 1.9 acre tract along U. S. Highway 90. The portion condemned is that portion abutting the two roads. After the taking, direct access to U. S. Highway 90 and Nevius will be unavailable, although a service road will be constructed to parallel U. S. Highway 90 from which there will be access to the remaining parcel.

The State assigns as error the admission of testimony as to the price paid per acre in two voluntary sales of other property in the area and contends that such evidence resulted in an excessive verdict. One such sale consisted of a 2.84 acre parcel, and the other a parcel of approximately one acre. The State's sole contention is that these sales are not "comparable sales" because the parcels are much smaller than landowner's 34.47 acre tract. We quote from the State's brief:

"It was an absolute necessity in this case for the jury to make a determination of the value of the entire tract, 34.-47 acres, before the partial taking of 3.-57 acres. This was a requirement of law and the trial court so instructed the jury

(Tr. 269). To assist the jury in doing so, there was ample evidence of the sale prices of comparable multi-acre parcels, viz:

"Bagwell's, 21 acres, $2,380 per acre (Tr. 119);

"Braswell, 37 acres, $7,700 per acre (Tr. 120–121; Tr. 164–166);

"Mobile Federal and Theodore Properties, 7.8 acres, $32,500 per acre (Tr. 125);

"Westgate Plaza, 17.2 acres, $30,000 per acre (Tr. 167);

"Vankel, Inc., 8.9 acres, $28,090 per acre (Tr. 169)."

\*　　\*　　\*　　\*　　\*　　\*

"Not only did the two disputed sales allow evidence of a price per acre substantially higher than the seven multi-acre sales, which ranged from $2,380 to $32,500 per acre, but common knowledge tells us that the use of a 2.84 acre tract or a 1+ acre tract is in no way comparable to a 34.47 acre tract. The small parcels have utilitarian value *only* for highly refined commercial uses; the larger parcel is not so adapted. Furthermore, the topography here of the 34 acre parcel is varied: high, low and in between. Photographs in evidence (e. g., Defendant's Exhibits C, D and E) attest to that. The two small parcels simply were not comparable as a matter of law."

Landowner contends in brief:

"\*　\*　\*　The verdict was some $370,600 less than the Property Owner's lowest appraisal expert witness, Mr. McFerrin. The State took the heart out of Mr. Busby's property by taking his intersection corner and all of his direct highway frontage. The State simply wants to arrive at an average acreage price over the entire property which consists of at least ten acres of low land including a lake. Then, it wants to assign this average price on a per acre basis to the part taken with complete disregard for the fact that the part taken is worth

more than all of the rest of the property put together. That just is not the law. The Property Owner is entitled to the value of the part taken plus any damage to the remainder. * * *"

 We must agree with the landowner's analysis of the State's position. In an opinion of this Court in Shelby County v. Hatfield, 264 Ala. 488, 88 So.2d 842 (1956), the State's contention was rejected, viz.:

> " 'The well known measure of damages in such cases is the difference in market value of the tract or body of lands before and after the taking.
>
> " 'This may be proven by evidence of the value before taking and the value thereafter. The evidence may go into greater detail. It may be directed to the value of the strip over which the condemner for public use obtains such dominant use and control over the same that its full value on an acreage basis should be included.'
>
> "Therefore, one of the elements of 'just compensation,' and one of the elements of value to be considered is the value of the land actually taken, * * *"

In Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308, this Court observed that Alabama has adopted the general rule to effect that evidence of the sales price of other lands voluntarily sold is admissible on the issue of value if conditions surrounding the two tracts of land are *similar* and if the sale was *neither too remote* in point of *time* nor of such *character* as to indicate that it *did not represent* the true *value* of the property. This Court has recognized that on the question of similarity much must be left to the sound discretion of the trial court.

Moreover, several of the objections to questions asked as to "comparable sales" (and sought to be made the basis of error) were either not timely made and therefore waived or the court did not rule thereon. Likewise, in several instances, no objection appears to have been made or the question was repeated in a slightly different form without objection or the same evidence had already been admitted without objection. In none of these circumstances is reversible error made to appear under our decisions.

Thus, we hold that the "comparable sales," offered by landowner, were not inadmissible because they differed in size from the landowner's original tract before the taking. The tracts were clearly "comparable" in size to the tracts actually taken by the State and it was within the trial court's discretion to admit evidence of such sales on the question of the value of the part actually taken.

Accordingly, we affirm.

In accordance with Tit. 19, § 24(1), Code of Alabama 1940 (Recompiled 1958), the landowner is entitled to interest at the rate of six percent per annum on $118,850, which is that portion of the award not made available, or offered, to the landowner.

Affirmed.

HARWOOD, McCALL, FAULKNER and JONES, JJ., concur.