309 So.2d 448

**STATE of Alabama**

v.

**WISE DEVELOPMENT CORPORATION.**

**SC 676.**

Supreme Court of Alabama.

Feb. 27, 1975.

**672**

Jack W. Smith, Special Asst. Atty. Gen., Dothan, for appellant.

W. G. Hardwick and William G. Hause, Dothan, for appellee.

HEFLIN, Chief Justice.

The State of Alabama brought an action to condemn certain private lands in the City of Dothan for use as highway right of way. The Circuit Court of Houston County awarded the landowner, Wise Development Company, judgment in the amount of $53,000.00, based upon a jury verdict in that amount. The State appeals. The judgment is affirmed.

The appellee, Wise Development Company, was the owner of three parcels of land on U. S. Highway 84 East, within the Dothan city limits and one-half to three-fourths of a mile east of the Ross Clark Traffic Circle, which rings the city. In this action the State actually took only a portion of each of the three parcels.

Each parcel fronted on U. S. Highway 84 East, and the three parcels had a total frontage of 3470 feet. Parcel 1 was on the south side of Highway 84 and adjoined the western side of Beverlye Road. This parcel had a highway frontage of 465 feet, and consisted of 3.37 acres, of which the State condemned 1.32 acres. Parcel 3 lay on the south side of Highway 84 and adjoined the east side of Beverlye Road. This parcel had a highway frontage of 1140 feet and consisted of 11.56 acres, of which the State condemned 1.79 acres. Parcel 2 lay on the north side of Highway 84 opposite parcels 1 and 3, and consisted of 15.37 acres, of which the State condemned 3.89 acres. Parcel 3 had a highway frontage of 1865 feet.

Thus, the State actually took 7.00 acres, consisting of three parcels measuring 1.32 acres, 3.89 acres, and 1.79 acres. This left the landowner with 23.30 acres. Each of the three parcels was zoned partially for business and partially for residences, but each portion taken was completely within the business zone. The effect was to take all the highway frontage from each parcel, totalling 3470 feet. While the land remaining will still have highway access, it will be subject to a municipal ordinance requiring a 35-foot front set-back and a 20-foot rear set-back for any building. Another ordinance limits any building to twenty-five per cent of the area of the lot on which it is constructed. There was testimony from expert witnesses that because of these requirements and the configurations of the remaining parcels, the potential uses of these remaining lots were greatly limited.

The State presented evidence of the sales of what it contended were four comparable tracts: 1) 39.63 acres on July 8, 1968, for $1388.00 per acre; 2) 40 acres on March 3, 1971, for $1000.00 per acre; 3) 13.589 acres on August 6, 1968, for $2575.00 per acre; and 4) 70 acres on August 11, 1969, for $1000.00 per acre. The State's witness testified that in his opinion (based on these four sales) the value of the property taken, including damages to the remaining land, was $19,000.00. The landowner's expert witnesses testified that for several reasons these four tracts were not comparable to the land taken.

The landowner presented three expert witnesses who testified to a number of sales of what they considered comparable lands in the Dothan area. Based on these supposedly comparable sales, they gave estimates of the landowner's damages (value of the land taken plus damages to the remaining land) which ranged from $112,550.00 to $121,100.00.

The parties agreed that the actual taking occurred on March 16, 1971, and that the only question for the jury was the amount of the landowner's damages. The jury returned a verdict of $53,000.00, and the circuit court entered judgment for that amount. The trial judge denied a motion for a new trial.

The State has appealed, and its assignments of error can all be distilled down to the contentions that 1) the trial judge erred in admitting into evidence the sales used by the appellee's three expert witnesses, because those lands were not in fact comparable to the lands taken in this proceeding, and 2) the verdict was excessive.

■ It is well established that in a land condemnation proceeding evidence of the sale price of another piece of land is admissible in determining the value of the condemned land, if the sale was voluntary and "if the conditions surrounding the two tracts of land are similar and if the sale was neither too remote in point of time nor of such a character as to indicate that it did not represent the true value of the property." Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 17, 110 So.2d 308, 315 (1959); Knabe v. State, 285 Ala. 321, 231 So.2d 887 (1970); Sayers v. City of Mobile, 276 Ala. 589, 165 So.2d 371 (1964).

■ There is no general rule regarding the similarity that must exist between two pieces of land before the sale price of one can be offered as evidence of the other's value. See 27 Am.Jur.2d Eminent Domain § 429. In this state the rule is that the question of similarity is left primarily to the discretion of the trial judge. State v. Busby, 293 Ala. 510, 306 So.2d 260 (1975); Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170 (1960); Southern Electric Generating Co. v. Leibacher, supra.

The State contends that the "comparable" sales testified to by the landowner's witnesses "were too remote in time * * * from the subject property." The State is in a poor position to argue that the sales testified to by the appellee's witnesses were too remote in time from the

date of condemnation (March 16, 1971) to be comparable. None of those sales were as remote in time as the two 1968 sales offered by the State itself.

This question of remoteness in time has been considered by two Alabama writers in their discussions of condemnation proceedings; see M. Bishop, "Handling Condemnation Cases," 22 Ala. Lawyer 385 (1961) and B. Nettles, "Legal Aspects of the Market Approach to Value in Condemnation Cases," 30 Ala. Lawyer 301 (1969). Both Bishop and Nettles discuss the case of Davis v. Reid, 264 Ala. 560, 88 So.2d 857 (1956), in which one issue was the determination of the 1934 value of a homestead. In that case this court held it properly within the trial court's discretion to admit as evidence the 1941 sales price of adjoining land. In *Davis* this court said, 264 Ala. at 566, 88 So.2d at 862:

> " * * * On the question of the remoteness of time of the purchase * * * of lands adjoining the homestead lands, the rule seems to be that much is left to the discretion of the trial court. Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773 * * *."

While *Davis* involved the value of a homestead, there is no reason that this rule as to remoteness of time should not apply as well in determining the value of condemned property. In fact, Thornton v. City of Birmingham, from which the *Davis* rule was taken, was itself a land condemnation case; there the purchase price paid by the landowner for the condemned property two years prior to condemnation was held properly admitted.

■ This court in *Davis* held that the trial judge had not abused his discretion in admitting evidence of a sale of adjoining land which occurred seven years later. This court is not suggesting that a seven-year period—or any other time period—can be established as always acceptable or as always unacceptable. Remoteness in time is only a factor for the trial court to con-

sider, along with all other factors, in determining what sales are comparable and therefore admissible as evidence bearing on the value of condemned land. Naturally, what is "too remote" will vary from case to case, but this determination is a matter addressed to the sound discretion of the trial judge. In the present case, this court cannot say that any of these sales, all occurring within twenty-two months of the condemnation, were so remote in time as to show an abuse of the trial court's discretion.

■ The State forcefully argues that the trial court erred in admitting testimony concerning twelve sales in the Dothan area alleged to be of land comparable to that taken. The State contends that the lands were not comparable, because at least most of these twelve sales were of small pieces of land being sold for special purposes. The acreages of these twelve tracts were .22, 1.43, .82, 1.22, 9.9, 1.36, .57, 2.125, 1.14, .92, 43.033, and .22. The State points out that of these tracts a .22-acre tract adjacent to a hospital was sold for a drugstore; the 1.43-acre tract for a bank; the .82-acre tract for a bank; the 1.36-acre tract for a Shoney's Restaurant; the .57-acre tract for a Long John Silver's Restaurant; and the 2.125-acre tract for a McDonald's Restaurant. The State does not contend that the three parcels condemned from Wise Development Corporation in the case under review would not also have been suitable for such "special service" businesses.

■ The State also contends that some of the sales testified to by the appellee's witnesses were "too far away in distance" to be comparable sales. Most of these tracts were on either the Ross Clark Traffic Circle or a major highway leading into Dothan. The property being condemned was only one-half to three-fourths of a mile east of the traffic circle and was on the second most heavily traveled highway into Dothan. While some of the sales complained of were of land south or west of the traffic circle, all the sales apparent-

ly were within the city limits and near the circle.

This court cannot say that the tracts offered by the landowner as comparable were so dissimilar that the trial court abused its discretion in admitting the testimony. The State makes the very same argument here in regard to what it calls "special service" sales that it made in the recent case of State v. Busby, *supra*. There the State argued that small acreages could not be "comparable" since the landowner prior to the taking held a 34-acre tract. In *Busby*, Justice Bloodworth, speaking for this court, wrote:

> "Thus, we hold that the 'comparable sales,' offered by landowner, were not inadmissible because they differed in size from the landowner's original tract before the taking. The tracts were clearly 'comparable' in size to the tracts actually taken by the State and it was within the trial court's discretion to admit evidence of such sales on the question of the value of the part actually taken."

In the present case this court cannot say that the trial judge abused his discretion in determining that the sales offered in evidence by the appellee were sufficiently comparable in size to the three tracts actually taken. Likewise, the fact that some of the lands were in other areas of Dothan does not show an abuse of the trial court's discretion. There was testimony as to topography, locations, and traffic patterns from which the court could have found similarity.

 The State further contends that the jury verdict of $53,000.00 was excessive. Testimony offered by the expert witnesses as to the damage suffered by the property owner from the taking of the three parcels varied from a low estimate of $19,000.00 to a high estimate of $121,100.-00. The rule that the trial court's action in overruling a motion for a new trial is due to be affirmed unless the verdict is unsupported by competent evidence or is against the preponderance of the evidence, or is palpably wrong and manifestly unjust, has been applied in the context of condemnation cases where the verdict is well within the outer range of before and after evaluations of expert witnesses. See Dothan-Houston County Airport Authority, Inc. v. Horne, 292 Ala. 273, 292 So.2d 656 (1974), and State v. Central of Georgia Ry. Co., 293 Ala. 675, 309 So.2d 452 (1975).

There being no error, the case is due to be

Affirmed.

MERRILL, MADDOX, JONES and SHORES, JJ., concur.