326 So.2d 120

**STATE of Alabama**

v.

**COLLEY CORPORATION et al.**

**SC 1322.**

Supreme Court of Alabama.

Jan. 15, 1976.

Oliver W. Brantley, Troy, for appellees.

———◆———

E. C. Orme, Special Asst. Atty. Gen., Troy, for appellant.

HEFLIN, Chief Justice.

The State of Alabama brings this appeal from a final judgment of $16,000 in favor of appellee in a proceeding to condemn certain land owned by appellees for use as part of a highway right of way. The judgment is affirmed.

In the trial of this cause in the Circuit Court of Pike County, it was stipulated by the parties that the only issue to be tried and determined by the court was the amount of compensation to be paid to appellees.

The appellees, Colley Corporation and other named individuals, owned a 9.07 acre tract of property which fronted on U.S. Highway 231 near the city of Troy, Alabama. The State sought to condemn 0.19 acres of this tract for use as a deceleration lane on Highway 231. This highway was frequently referred to as the "by-pass" or the "Troy by-pass."

An expert witness for the State presented his opinion that the value of the 9.07 acre tract prior to the taking was $118,000.00 and that it was worth $115,500.00 after the taking, resulting in damages to defendant-appellees of $2,500.-00. Upon cross examination, appellees' attorney asked this witness if he had considered sales of other properties in arriving at his appraisal of damages due appellees. Among several sales which the expert mentioned was "a sale from Shaw to Dunn * * * that consisted of 18.6 acres of land at the intersection of the by-pass and Alabama No. 87 * * *." Following further questioning on the sales mentioned, the expert witness was asked, "Are you familiar with the sale on June 28, 1974, from Woodard, A. P. Woodard and Bobby Woodard to McDonald Corporation—0.46 of an acre on 231 By-pass just east of the Dunn property that you are speaking of?" This question was objected to on the ground that this sale did not involve property comparable to that being condemned. The same objection was raised to introduction

of evidence regarding a second sale to McDonald Corporation of a .58 acre tract adjacent to the McArthur property. The overruling of these objections by the trial court constitutes one of the major contentions of the State's assignments of error. The State on appeal contends that the trial court erred in admitting into evidence the two sales to McDonald Corporation on the ground that neither involved property comparable to the lands taken in the proceeding. Further it contends that the verdict returned was excessive and the result of bias, passion and prejudice.

In a land condemnation proceeding evidence of the sale price of another piece of land is admissible in determining the value of the condemned land. The criteria of admissibility are: (1) the sale was voluntary; (2) conditions surrounding the two tracts are similar; and (3) the sale was neither too remote in point of time nor of such a character as to indicate that it did not represent the true value of the property. *State v. Wise Development Corporation,* 293 Ala. 671, 673, 309 So.2d 448, 450 (1975); *Southern Electric Generating Co. v. Leibacher,* 269 Ala. 9, 17, 110 So.2d 308, 315 (1959); *Knabe v. State,* 285 Ala. 321, 231 So.2d 887 (1970). It is incumbent on the party offering proof of other sales to show these facts. *State v. Boyd,* 271 Ala. 584, 587, 126 So.2d 225, 228 (1960).

There is no general rule regarding the similarity that must exist between two pieces of land before the sale price of one can be offered as evidence of the other's value. See 27 Am.Jur.2d Eminent Domain § 429. In this state the rule is that the question of similarity is left primarily to the discretion of the trial judge. *State v. Busby,* 293 Ala. 510, 306 So.2d 260 (1975); *Popwell v. Shelby County,* 272 Ala. 287, 130 So.2d 170 (1960); *Southern Electric Generating Co. v. Leibacher, supra.*

The State contends that the McDonald's sales are not of similar character

or condition to the property subject to the proceeding in that the commercial development of the two locations is different. The State argues that the McDonald's property is near the Troy State University campus in an area characterized by "fast food" restaurants which are frequented by students from the University. The Colley property, on the other hand, is surrounded by automobile and heavy equipment dealerships. These facts were before the trial court, as was the fact that the State's expert witness considered a sale within a block of the McDonald's property in his appraisal of the condemned property. The two tracts of land were shown to be on the same by-pass highway, within 2.8 miles of each other. It was also shown that there was at least one restaurant and a motel within the vicinity of the Colley property. Based on this evidence this court finds no abuse of the trial court's discretion in its decision to allow testimony regarding the McDonald sales into evidence.

■ The State also argues that the properties were dissimilar because the McDonald's sales involved parcels much smaller than the landowners' 9.07 acre tract. This court has addressed this same argument in the cases of *State v. Wise Development Corporation, supra,* and *State v. Busby,* 293 Ala. 510, 306 So.2d 260 (1975). In both cases, the court overruled the State's argument on the ground that "the tracts were clearly 'comparable' in size to the tracts actually taken by the State and it was within the trial court's discretion to admit evidence of such sales on the question of the value of the part actually taken." 293 Ala. at 675, 309 So.2d at 451. In the present case, this court cannot say that the trial judge abused his discretion in determining that the sales offered into evidence were sufficiently comparable in size to the portion of appellees' property actually taken.

■ The State contends in brief that the properties were dissimilar because the

McDonald's property was located in a subdivision and involved platted land. This court has noted that courts of some other states have held that sales of platted land cannot be used to determine the value of unplatted land. See *Southern Electric Generating Co. v. Leibacher, supra.* The court has never held that the fact that one tract is platted and the other is not is sufficient in and of itself to require a finding of dissimilarity. This fact is just one to be considered in the trial court's determination. *Southern Electric Generating Co. v. Leibacher, supra.* This court further finds that the fact that one tract has been subdivided while the other has not is again only a consideration in the court's determination of similarity. Cf. *State v. McDaniel,* 285 Ala. 310, 231 So.2d 878 (1970) (where the court allowed into evidence appraisals based on valuation for business uses of property zoned residential); *County Board of Education of Jefferson County v. McCarter,* 281 Ala. 679, 207 So.2d 664 (1968) (where the court allowed appraisal of property based on its value as subdivision where the property at the time of the condemnation proceeding had not been platted for lots).

■ As its final assignment of error, the State argues that the trial court erred in overruling the motion for new trial because the jury verdict of $16,000 was so excessive as to indicate that it was the result of bias, passion and prejudice. Testimony offered by the expert witnesses as to the damage suffered by the property owners from the taking varied from a low estimate of $2,500 to a high estimate of $30,000, thus making the jury's verdict within the range of estimates in evidence. The evidence reflected that the sales price for the McDonald sales was $46,500 each. The duty of the trier of fact in condemnation cases is to reconcile the various opinions as best it can by analyzing the evidence in light of its common knowledge. *Rountree Farm Co. v. Morgan County,* 249 Ala. 472, 476, 31 So.2d 346, 350 (1947).

The jury's conclusion is to be given great weight. *State v. Rigas*, 282 Ala. 541, 213 So.2d 386 (1968). Further this court must affirm the trial court's action in overruling a motion for new trial unless the verdict is unsupported by competent evidence or is against the preponderance of the evidence, or is palpably wrong or manifestly unjust. *State v. Wise Development Corporation, supra.* Finding none of these, this court cannot say the trial court erred in overruling the motion for a new trial. This court affirms.

Affirmed.

BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.