WRIGHT, Presiding Judge.
This is a condemnation suit. The con-demnor, Alabama Power Company, sought to condemn .6 acre of the land of Graham for use in locating a high voltage power transmission line. Jury verdict in the Circuit Court of Jefferson County set damages to Graham of $5,500. Alabama Power appeals. We reverse. Two issues are presented for consideration. The first is whether the trial court erroneously permitted into evidence testimony of sales of other property as comparable sales.
The tract of land from which the .6 acre was taken was 21.4 acres in area. Its dimensions were 350 feet to 331 feet in width and some 2,640 feet or one-half mile in length. The front of the tract fronted at an angle along U. S. Highway 75 in Jefferson County near the town of Pinson. The .6 acre taken is at a rear corner of the tract one-half mile from the highway. The tract is zoned agricultural, is unplatted and the part taken is located on a rocky moun *849 tainside with a 50% grade. Utility lines, power, gas, and water, touch the tract only at the highway one-half mile from the part taken. There are no sewage lines in the area and residences in that area must dispose of sewage by septic tanks and field lines. There have been no percolation tests made at or near the parcel taken. There is a 50-foot unimproved road or street right-of-way from the south line of the main tract to a street in a nearby residential platted subdivision. The utilities serving that subdivision are about two thousand feet from the part taken. There is no street or improved access by vehicle to the part taken nearer than 2,000 feet.
Upon cross examination of the appraiser witness for the power company, the con-demnee sought to elicit information concerning sales of two lots in the nearby subdivision including the sales price of such platted lots. The power company objected to admission of evidence of sales of lots in the subdivision on the ground that they were not “comparable sales.” The objection was overruled and testimony came in. Later, in support of an opinion as to value of the land taken and damage to the remainder, the condemnee was permitted, over objection, to testify as to her knowledge of the sales of the lots and to present such sales as “comparable.”
It is the general rule in Alabama that evidence of the sale price of another similar piece of land is admissible for the purpose of aiding the jury in assessing the value of the land taken. Such evidence is generally presented to support the weight and credibility of the opinions of expert appraisers. State v. Colley Corporation, 295 Ala. 204, 326 So.2d 120 (1976); Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308 (1959); Davis v. Reid, 264 Ala. 560, 88 So.2d 857 (1956). Evidence of the sale price of other land may be admitted if the sale was (1) voluntary; (2) not too remote in time nor of such character as to indicate that it did not represent the true value of the property; (3) and if the conditions surrounding the two tracts of land are similar. State v. Wise Development Corp., 293 Ala. 671, 309 So.2d 448 (1975); Knabe v. State, 285 Ala. 321, 231 So.2d 887 (1970).
There is no general rule as to the similarity that must exist before the sale price of one piece of land may be offered as evidence of the value of another. It is a question left to the judicial discretion of the trial judge. State v. Wise, Supra. This rule seems to mean that the factor controlling discretion is that of relevancy. If there are sufficient points of similarity which could reasonably be considered to make two tracts of land of comparable market value, the price received for one could aid the jury in determining the fair market value of another tract being taken by condemnation. On the other hand, if the points of similarity affecting market value of the two tracts are so limited that it could not reasonably be said they would have comparable market value, the sales price of one would not aid in determining market value of the other. Such sale would not be relevant but would rather be misleading and prejudicial. Its admission in evidence would therefore be an abuse of discretion.
Our supreme court has said it has never held that the fact that one tract is platted and the other is not is sufficient in and of itself to require a finding of dissimilarity. It said that such fact is just one to be considered in determining admissibility. State v. Colley Corporation, Supra. However, neither has the court said that such fact may not, in a particular case, be so cogent as a dissimilarity affecting market value as to render a sale inadmissable. The court in Southern Electric Generating Co. v. Leibacher commented in obiter dictum that courts of some other states have held that a sale of platted lots cannot be used as evidence to determine the value of non-platted lots or vice versa. Other comments by the court in that case indicate to us that the comparison of platted versus unplatted was a material element of dissimilarity.
We have stated the evidence showed that the parcel taken was some one-half mile from the nearest connection with utilities and a paved street or highway; that it *850 was located on a rocky mountainside at a fifty percent grade and was the most remote corner of an unplatted 21.4-acre tract. On the other hand, it was shown that sales two and three, admitted over objection as comparable, were sales of platted lots in a subdivision, adjoining paved streets with utilities and within some 300 feet of U. S. Highway 75. We are of the opinion that the sales of tracts two and three, admitted as comparable, were so dissimilar that their admission was prejudicial and constituted an abuse of discretion. Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170 (1960).
The second issue presented is whether the court erred in refusing to give the power company’s written requested charge “9.”
We have considered the requested charge and closely examined the oral charge of the court. Though the charge requested has been approved as an accurate statement of the law in the case of Pappas v, Alabama Power Co., 270 Ala. 472, 119 So.2d 899 (1960), we do not consider it was error to refuse it in this case. It is our opinion that the oral charge when considered in its entirety substantially covered the legal duty of the condemnee as sought to be charged in Alabama Power Company’s charge “9.” There was therefore no material injury to the power company. Rule 51, ARCP.
For the error stated, the judgment below is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.