SHORES, Justice.
This is a land condemnation case. The condemnor, Alabama Power Company, sought to condemn .6 of an acre of a 21.4-acre tract for use in locating a high voltage power transmission line. The sole issue at trial was damages: The power company testified to damages of $900 and the property owner, Ms. Graham, testified to damages of $13,000; and the jury returned a verdict of $5,500. The power company appealed the judgment and the Court of Civil Appeals reversed, holding that tracts of platted land alleged to be comparable to the condemned land, which was unplatted, were so dissimilar that admission of testimony regarding their value was prejudicial and constituted an abuse of discretion. We granted Ms. Graham’s petition for a writ of certiorari.
*852 In its opinion, the Court of Civil Appeals, 380 So.2d 847 notes the following facts about the landowner’s tract:
“. . . Its dimensions were 350 feet to 331 feet in width and some 2,640 feet or one-half mile in length. The front of the tract fronted at an angle along U. S. Highway 75 in Jefferson County near the town of Pinson. The .6 acre taken is at a rear corner of the tract one-half mile from the highway. The tract is zoned agricultural, is unplatted and the part taken is located on a rocky mountainside with a 50% grade. Utility lines, power, gas, and water, touch the tract only at the highway one-half mile from the part taken. There are no sewage lines in the area and residences in that area must dispose of sewage by septic tanks and field lines. There have been no percolation tests made at or near the parcel taken. There is a 50-foot unimprovéd road or street right-of-way from the south line of the main tract to a street in a nearby residential platted subdivision. The utilities serving that subdivision are about two thousand feet from the part taken. There is no street or improved access by vehicle to the part taken nearer than 2,000 feet.”
When cross-examining the power company’s appraisal witness, the landowner sought to elicit information concerning sales of two lots in a nearby subdivision, including their sales price. The testimony was admitted over the power company’s objection that the lots were not comparable to the condemned property. Later, the landowner’s appraiser was also allowed to testify as to the sales of those lots in support of her opinion as to the value of the land taken.
In her application for rehearing to the Court of Civil Appeals, the landowner, pursuant to ARAP 39(k), requested that the court include in its opinion the following facts concerning the subdivision lots and their similarity to the condemned property:
1. They are comparable in size;
2. They are located in the same neighborhood, and are closer than any of the power company’s comparable sales;
3. The date of the sales was very near the date of the taking;
4. Utilities available to the platted lots were also available to the subject property from the same location;
5. The lots were vacant land and irregularly shaped, as was the condemned lot.
This request was not acceded to, but Rule 39(k) allows us to consider those facts along with those stated in the opinion of the Court of Civil Appeals.
Two issues are presented: Was the Court of Civil Appeals correct in holding that the platted lots were so dissimilar that the trial court exceeded its discretion in admitting them into evidence as comparable sales? If the lots were so dissimilar, does the admission of that evidence require that the verdict be reversed? For the reasons stated herein, we answer both queries in the negative.
Evidence of the sales price of other lands voluntarily sold is admissible on the issue of value if the conditions surrounding the two tracts of land are similar and if the sale was neither too remote in point of time, nor of such character as to indicate that it did not represent the true value of the property. State v. Rigas, 282 Ala. 541, 213 So.2d 386 (1968); Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170 (1960). Hearsay evidence of such sales may be introduced by an expert appraiser, but only for the limited purpose of showing the basis of the opinion as to the value of the subject land. McLemore v. Alabama Power Co., 285 Ala. 20, 228 So.2d 780 (1969). There is no general rule regarding the similarity that must exist between two pieces of land before the sale price of one can be offered as evidence of the other’s value. In this state, the question of similarity is left primarily to the discretion of the trial judge. State v. Wise Development Corp., 293 Ala. 671, 309 So.2d 448 (1975). The fact that one tract is platted and the other is not is not sufficient in and of itself to require a finding of dissimilarity. That fact is just one to be considered in the trial court’s determination. State v. Colley Corp., 295 Ala. 204, *853 326 So.2d 120 (1976). The same is true where one tract has been subdivided and the other has not. Ibid.
Numerous cases have upheld the trial court’s exercise of discretion in admitting sales of comparable land. See, e. g., State v. Colley Corp., supra, which upheld the trial court’s decision to admit evidence as to the sale of property which differed from the condemned land in that it was platted and located in an area characterized by “fast food” restaurants, whereas the condemned land was unplatted and surrounded by automobile and heavy equipment dealerships; State v. Wise Development Corp., supra, where the lands held to be comparable were small pieces of property sold for special purposes, and were located in different areas of the city than the condemned land. Indeed, we have found only one ease, Popwell v. Shelby County, supra, which overturned the trial court’s exercise of discretion in ruling on the admissibility of lands offered as comparable sales. In that case, the land offered for comparison was a 55-acre tract which included valuable improvements and farm land, while the condemned property was a 7-acre tract located on a hill, which rendered it unsuitable for farming.
Applying these principles to the facts in the instant case, we hold that the trial court did not exceed its discretion in allowing testimony as to the value of the disputed sales. Although the property in question differed in many respects from the condemned land, the similarities pointed up by the landowner’s supplementary statement of facts are borne out by the record, and are sufficient to support the trial court’s ruling. Even were the platted lots so dissimilar that their admission constituted error, however, it would not be such as to require reversal. In its opinion, the Court of Civil Appeals quotes the general rule that the question of the similarity of land offered as evidence of the value of other land is left to the discretion of the trial judge. The Court of Civil Appeals then says:
“. . . This rule seems to mean that the factor controlling discretion is that of relevancy. ... if the points of similarity affecting market value of the two tracts are so limited that it could not reasonably be said they would have comparable market value, the sales price of one would not aid in determining market value of the other. Such sale would not be relevant but would rather be misleading and prejudicial. Its admission in evidence would therefore be an abuse of discretion.”
Although we agree that the sale price of property not comparable to the condemned property is irrelevant to a determination of the value of the condemned property, it does not ineluctably follow that it is so prejudicial as to require reversal. The rule is oft-stated that in condemnation cases, to justify a reversal of the condemnation award, the reviewing court must conclude that substantial prejudice resulted. State v. Garris, 292 Ala. 495, 296 So.2d 712 (1974); State v. Rigas, supra. In Garris, the sales which were complained of by the condemnor supported the opinion of the witness who put the lowest valuation on the condemned property. The court held that even if the sales were not comparable, no harm resulted to the condemnor from their admission. Here, one of the two contested sales had the lowest price of the 5 sales relied on by the landowner’s valuation witness; the other was $500 below the highest priced property. Since the jury verdict was well below the amount of damages estimated by the property owner’s valuation witness, we cannot say that the power company was substantially prejudiced by the admission of testimony regarding the platted lots.
Further, it must be remembered that testimony concerning the sales was admitted for the purpose of showing the basis of the valuation witness’ opinion. In Alabama Power Company v. Berry, 222 Ala. 20, 130 So. 541 (1930), it was held that the fact that a valuation witness in a condemnation proceeding considered irrelevant matters, goes to the credibility of the testimony and not *854 to its admissibility. While the irrelevant matters considered in that case were not sales of dissimilar property, the principle is applicable here. Popwell v. Shelby County, supra, is not to the contrary. While that case reversed the verdict of the trial court after finding that the judge had erred in admitting evidence of the sale price of land too dissimilar to be used for the purposes of comparison, other errors were cited in the opinion which were sufficient in themselves for reversal.
The opinion of the Court of Civil Appeals is reversed and rendered.
REVERSED AND RENDERED.
All the Justices concur.