This is a fraud case. The defendants and plaintiff formed a corporation to open and operate a restaurant in 1980. The defendants/appellants, Van O. Johnson and his wife Betty, owned half of the stock in the corporation and the plaintiff/appellee, Charles Langley, owned the other half. Defendant Betty Johnson was given stock apparently because it took three people to form a corporation in Alabama at that time. Defendant Van Johnson owned a parcel of real estate in Winfield, Alabama. He and the plaintiff negotiated a deal whereby they would be "50/50" owners in the corporation, to be called Coachlight Restaurant, Inc. The defendants contributed Van Johnson's real estate to the corporation and the plaintiff contributed the building. All received shares of stock in return. All other expenses, such as those incurred in getting restaurant fixtures, were to be shared equally. During construction, the defendants informed the plaintiff that they had run out of money. The plaintiff testified he had invested too much money in the project at that point to back out, and that he therefore continued to finance the *Page 1063 
project to its completion. The defendants were placed in charge of the restaurant's operation and Van Johnson was to receive a salary of $300 per week. At the end of the first three months' operation of the restaurant, the plaintiff asked to "see the books" of the restaurant. The defendants said there were none. Plaintiff testified that he had other problems (primarily his divorce) that prevented him from pressing the matter at that time. Plaintiff testified that he received free meals at the restaurant about two evenings a week, but that he had received no other dividend or benefit. After approximately 13 months of operation, defendants asked the plaintiff to get a loan in order to keep the corporation operating, using the corporate assets as security. The plaintiff asked the defendants to issue a corporate note to him for the loan, but the defendants refused. The plaintiff then instituted this action for the money he claimed he had invested in the corporation and for lost dividends and profits, alleging fraud by the defendants.
Plaintiff testified as to the amount he expended for the construction of the building. A certified public accountant and his assistant testified, based on records from the restaurant and information supplied by the cook, as to serving sizes and business volume. The attorney who formed the corporation also testified as to the agreement between the plaintiff and the defendants. Much of this testimony was disputed by the defendants. The trial judge, sitting without a jury, heard the testimony on two separate days and entered judgment for the plaintiff in the amount of $71,588.87. The defendants appealed to this Court, alleging five errors. First, that the court had failed to rule on their motion to compel the production of certain documents, which were not produced until after judgment had been rendered; second, that the trial judge erred in allowing testimony by the plaintiff that violated the best evidence rule; third, that the court erred in allowing the plaintiff's expert witness to testify as to the value of the property contributed by the Johnsons; fourth, that there was insufficient evidence to justify the court's judgment in the amount of $71,588.87; and, fifth, that the trial court erred by not ordering that Van Johnson's salary was to be counted as a debt of the corporation. We affirm the actions of the trial court as to all of these contentions.
 I
First, the defendants/appellants argue that the trial court erred in not ruling on their motion to compel the production of "all tickets, vouchers, pay stubbs, cancelled checks, etc., that represent the payment by plaintiff of the sum of $96,000 — plus for putting [sic] in the building Coachlight Restaurant." This motion was initially made on March 2, 1984. Final judgment was issued on December 14, 1984. The defendants had filed a motion to compel on November 29, 1984, but the documents requested were not produced before the judgment was entered in the cause on December 14, 1984. The trial judge had allowed the trial to continue after objection to the testimony as to the contents of the documents. He told the defendants they would be given an opportunity to file a motion to strike the testimony after the production of the documents, if they so desired. The parties apparently agreed to this arrangement:
 "MR. JACKSON: Let me take this up, too, Bill. I filed a request for production, Judge, back on the 2nd day of March right after we finished the other hearing for all tickets, vouchers, pay stubs, cancelled checks, representing payments by plaintiff in the sum of $96,000 plus what he put in the building. I did not file a motion to compel, and I don't recall whether I talked to Bill about having it at trial or not. I may have, and I may not have. I just don't recall.
 "MR. ATKINSON: Judge, let me say this: I had it, the discovery request. I found it this morning when Eddie mentioned it to me. It's been in the file all the time. He filed it March the 2nd of '84 shortly after we were here. I don't have any correspondence reflecting I ever called it to Charles's attention, and *Page 1064 
we are here today. I consider it my goof. It is not Charles's.
 "THE COURT: Okay. But do you still want to look at those records? Is that —
 "MR. JACKSON: Well, I would either want them produced or object to any testimony with regard to the value he claims he placed into the building to use as a basis for his claim that he made a loan to the corporation in excess of his contributed or stated capital.
 "MR. ATKINSON: I don't intend to go into any of that. I'm not recalling him for that purpose. It's for another purpose, Eddie.
 "MR. JACKSON: All right. But there has been testimony of the value he places on the building prior to this —
"THE COURT: Yeah.
 "MR. JACKSON: — and I think I objected to it at that time, and I renew my objection to it based on the failure to produce. It's not the best evidence, his testimony isn't.
 "THE COURT: Okay. But you still want to look at that based on the fact he's already testified to that, is that what you are saying?
 "MR. JACKSON: Well, if the Court is not going to consider it as evidence, not being in evidence.
 "THE COURT: Well, the status of the record would be if it's already testified to it is in. Even over objection it is still evidence, okay? And the Court, I assume, at least in Montgomery, would say I did consider it. So, let's leave it this way: You produce all that stuff after today whenever you can and let Eddie look at it and see if we need anything further. I want to wind it up, too. I know you all do, but let's handle it that way, okay?
"MR. ATKINSON: It is my goof, Eddie.
 "MR. JACKSON: I understand. I should have filed a motion on it and drawn your attention to it. I just forgot about it, I guess." (Emphasis added.)
The trial judge, therefore, did not rule on the motion to compel the production of documents filed on November 29, 1984, before he filed the order deciding the case. The defendants contend the trial judge was required to rule on this motion, by Rule 37 (d), Ala.R.Civ.P.:
 "If a party or an officer, director, or managing agent of a party or a person designated under Rule 30 (b)(6) or 31 (a) to testify on behalf of a party fails . . . (3) to serve a written response to a request for production or inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may
make such orders in regard to the failure as are just. . . ." (Emphasis added.)
The language of the rule clearly implies that it is permissive. The trial judge "may" make such orders in regard to the failure"as are just" (emphasis added). Here, the trial judge apparently determined that, under the particular facts of this case, production was made as soon as possible, and the documents were available to the defendants in sufficient time to allow them to file a post-trial motion, if they so desired. We do not believe he abused his discretion in this case.
"The choice of discovery sanctions is in the discretion of the trial court and will not be disturbed on appeal absent gross abuse of discretion." Deaton, Inc. v. Burroughs,456 So.2d 771, 777-78 (Ala. 1984); Tucker v. Tucker,416 So.2d 1053, 1058 (Ala.Civ.App. 1982). We find no gross abuse of discretion by the trial judge in this case.
Defendants argue they were prejudiced in defending against the plaintiff's claims of expenses because this information was not provided. But defendants at no point attempted to show anyfactual errors, nor do they make any showing of how their case would have been strengthened by obtaining this information at the time they sought its production. Because they admit the information was, in fact, produced, albeit late, and was not made the subject of post-judgment relief, this Court can only conclude that the information was of no help to the defendants' case and that the error alleged, if in fact it was error, *Page 1065 
was harmless. The party alleging error must not only establish error, but must also show that he was probably prejudiced by the error. American Furniture Galleries, Inc. v. McWane, Inc.,477 So.2d 369, 373 (Ala. 1985); Bucyrus-Erie Co. v. Von Haden,416 So.2d 699, 702 (Ala. 1982); Watson v. McGee, 348 So.2d 461,463 (Ala. 1977). In the absence of any statements by the appellants showing how the lack of the evidence not produced prejudiced their defense, we hold the plaintiff's failure to comply with the motion to produce until after the judgment was rendered was not prejudicial to the defendants' cause, in thisparticular factual context.
 II
Second, appellants argue that the trial judge erred in allowing the plaintiff to testify as to expenses incurred during construction of the restaurant. Appellants argue that the receipts or cancelled checks for the work were the best evidence of these transactions and that testimony by a witness as to the costs violated the "best evidence rule." It is the law in Alabama that testimony about payment of money is competent, and the fact that there may be written records goes to the probative value of such testimony, not its competency.Lipscomb v. Tucker, 294 Ala. 246, 255, 314 So.2d 840, 848, (1975); Pody v. Pody, 416 So.2d 1028, 1029 (Ala.Civ.App. 1982);Wiggins' Administrators v. Pryor's Administrators, 3 Port. 430, 435 (Ala. 1836).
 "Oral testimony that a payment of money was made is admissible without producing or showing an excuse for the nonproduction of a receipt given for the payment. A party, for example, may testify to his having paid a debt without production, or accounting for the nonproduction of, the receipt or the promissory note out of which the obligation arose."
C. Gamble, McElroy's Alabama Evidence § 226.03 (3d ed. 1977). We think this rule is dispositive of the case at hand. It is clear from the record that the trial judge understood the rule. Plaintiff's testimony about the payments did not violate the best evidence rule. The lack of checks and receipts went to the weight of the evidence, not its admissibility. The trial judge did not err by admitting into evidence plaintiff's testimony concerning the amount of money he had expended.
 III
The appellants next argue that the trial court erred in allowing the plaintiff's expert witness to testify as to the value of the real estate given to the corporation. The defendants contend that the expert's use of comparable property sales to estimate the value of the property in question was improper because the other sales were too remote in time and distance. The expert was properly qualified. He testified that he was a real estate broker, that he was familiar with the market values of real estate in and around Winfield, and that he knew of three sales of property in the same area, the last of which was made in 1983, the year after the complaint was filed.
Under the provisions of Code 1975, § 12-21-160, "The opinions of experts on any question of science, skill, trade or like questions are always admissible, and such opinions may be given on the facts as proved by other witnesses." Record Data Int'l,Inc. v. Nichols, 381 So.2d 1, 5 (Ala. 1979). "The question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose decision will not be disturbed on appeal except for palpable abuse." Maslankowski v. Beam, 288 Ala. 254, 264,259 So.2d 804, 813 (1972); Byars v. Mixon, 292 Ala. 661, 668,299 So.2d 262, 268 (1974). On the facts as presented in this case, we cannot say it was an abuse of the trial court's discretion to receive testimony from this witness as an expert.
The decision of whether to allow testimony as to comparable land values is likewise left to the sound discretion of the trial judge. "There is no general rule regarding the similarity that must exist between two pieces of land before the sale price of one can be offered as evidence of *Page 1066 
the other's value. In this state, the rule is that the question of similarity is left primarily to the discretion of the trial judge." State v. Colley Corp., 295 Ala. 204, 207,326 So.2d 120, 122 (1976) (citing several cases); see also State v. WiseDevelopment Corp., 293 Ala. 671, 309 So.2d 448 (1975). "Evidence of other sales of property is admissible as an aid in determining value of condemned land if conditions surrounding the two tracts are similar and if the sale was neither too remote in time nor of such a character as to indicate that it did not represent the true value of the property." Sayers v.City of Mobile, 276 Ala. 589, 592, 165 So.2d 371, 375 (1964). Such a decision is left to the sound discretion of the trial judge, and in this case, there was testimony to support the judge's findings of fact. The property sold was in an area where the expert himself had owned property in the past; the expert had looked at sales in the area that had been made in the past few years; and the expert had looked at a sale of a piece of real estate sold during the pendency of the suit. The sales were in the same general area, and all occurred within two or three years of the date the real property was transferred to the corporation. Under these facts, we cannot say the trial judge abused his discretion in allowing the expert to testify as to the value of the land. He apparently determined these sales were not so remote in time or distance as to make testimony concerning them incompetent as evidence of value of the tract under consideration. Therefore, no error was committed.
 IV
Fourth, the appellants argue that there was not sufficient evidence to justify a judgment of $71,588.87. This case was presented ore tenus. The rule of review in ore tenus cases is well established. "Since this case was heard non-jury by the trial judge and decided by him as factfinder, the ore tenus
rule applies. There is thus a presumption of correctness in the trial judge's findings and his judgment based on those findings should not be disturbed unless palpably wrong, without supporting evidence, or manifestly unjust." Clardy v. CapitalCity Asphalt Co., 477 So.2d 350, 352 (Ala. 1985).
In this case, the trial judge made no specific findings of fact other than breaking down the amounts awarded on each element claimed. "Absent specific findings of fact by the trial court, the Supreme Court will assume that the trial court made those findings necessary to support its judgment, unless its findings would be clearly erroneous and against the great weight and preponderance of the evidence." Thomas v. Davis,410 So.2d 889, 891 (Ala. 1982).
The appellants argue that Langley cannot recover because he voluntarily entered into this arrangement and incurred the expenses and continued the business in spite of knowledge of bad business practices. Appellants also argue that the testimony as to expenses was speculative in nature, being taken from worksheets prepared by the plaintiff during the job and later recopied by his wife.
Appellee argues that the evidence was not speculative, but that there were extensive records, covering several pages with a number of expenses on each page. It was in the sound discretion of the trial judge to allow such testimony, as we have already held. There was evidence from which the trial judge could have determined that the plaintiff should recover the following: $82,063.65 for money spent in constructing the building; $2,121.74 for the electric bill paid by the plaintiff after the restaurant was closed; $1,231.48 for an Internal Revenue Service tax lien; $223.10 for Alabama state taxes; and $630.67 for Marion County taxes. The record shows that from this sum, the trial judge subtracted $14,681.77 for the part of the construction the defendants had helped pay for. There were both testimony and written exhibits to support plaintiff's claims. Of course, some of these claims were controverted by the defendants, but we cannot say that the award made by the trial judge *Page 1067 
was against the great weight of the evidence, nor that it was palpably wrong.
 V
Fifth, the appellants allege that defendant Van Johnson was entitled to have his salary for the time he worked at the Coachlight included as a debt of the corporation in receivership. The trial judge heard testimony from a certified public accountant and his assistant, both of whom had examined records from the restaurant, and from the cook who worked at the restaurant. These witnesses testified that the restaurant was profitable and had made money during its 13 months of existence. No profit or dividend was reported to the plaintiff. The defendants testified that they had made no profit and denied taking money from the corporation. The plaintiff alleges that over $20,700.00 was missing from the corporation. The trial judge made no specific finding of fact on this claim. "Absent specific findings of fact by the trial court, the Supreme Court will assume that the trial court made those findings necessary to support its judgment." Thomas v. Davis, 410 So.2d at 891. Here, we must assume, in the absence of specific findings on the point, that the trial judge found that Van Johnson, because of his conduct of the corporation's business, was not entitled to a salary as a debt of the corporation.
 "When the trial court has heard the evidence ore tenus, its findings of fact will not be disturbed on appeal unless clearly erroneous or manifestly unjust. This rule is especially applicable in cases where the trial court makes its findings of fact and those findings will not be disturbed unless palpably wrong."
Leslie v. Pine Crest Homes, Inc., 388 So.2d 178, 181 (Ala. 1980). This is just such a case. The trial judge heard testimony that was conflicting on the question of indebtedness of the corporation insofar as the defendants were concerned, and made his decision. We cannot say that these findings are palpably wrong or unjust. The trial judge was in the best position to decide the truth from the evidence as presented at trial. We, therefore, uphold his decision, finding no prejudicial error in this case.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.