STEAGALL, Justice.
Plaintiff Audrey Jean Marsh appeals from a judgment entered by the Montgomery County Circuit Court on a jury verdict in favor of defendants John E. Hackman and St. Margaret’s Hospital. We affirm.
Marsh brought this action under the Alabama Medical Liability Act for injuries resulting from treatment and care provided by the defendants in relation to injuries incurred in an automobile accident on May 8, 1984. On appeal, Marsh alleges three errors:
1. That the reading by the trial court in its opening remarks to the jury of its pretrial order affirmatively asserting on behalf of Dr. Hackman a contributory negligence defense was prejudicial error.
2. That a hypothetical question posed to an expert testifying at trial was improper and that the trial court’s failure to sustain Marsh’s objection to the question was error.
3. That the trial court erred in granting the defendants’ summary judgment motion as to Marsh’s contract claim.
Marsh’s first contention is without merit. Immediately before the commencement of the evidence, the trial court read a portion of its pretrial order to the jury, in which it stated that it was the defendants’ contention that “the plaintiff was herself negligent in causing her own injuries and damages which were the result of the automobile accident.” The plaintiff’s lawyer objected to the reading of that excerpt from the pretrial order. The trial then proceeded on the merits of the case. At the close of all the evidence, the following transpired out of the presence of the jury:
“MR. COLE: [for Defendant St. Margaret’s Hospital] Let us put together some charges.
“MR. ROACH: [for the plaintiff] Let me make one motion.
“Could we get on the record and let me make a motion for the Plaintiff for summary judgment on the issue of contributory negligence. There’s been absolutely no proof whatever of any kind on that.
“MR. KEENE: [for the defendant Dr. Hackman] We withdraw that Defense. No problem with that.
“THE COURT: Motion by Defense to withdraw. Your motion is well taken and your motion is granted.”
The effect of the granting of defendants’ motion to withdraw the contributory negligence defense was to remove that issue from the jury’s consideration. Subsequently, the trial court made its oral charge to the jury. No mention was made during the trial court’s charge of the contributory negligence issue or the absence of such an issue, nor was any specific objection made by Marsh on this point after the giving of the oral charge to the jury. Unquestionably, if the trial court had denied a specific request for an instruction to the effect that the jury not consider the earlier reference to the defense of contributory negligence, in light of the withdrawal of that defense, the trial court would have committed reversible error. No such request was made; indeed, the plaintiff does not claim error in the trial court’s failure to so instruct the jury. Instead, the plaintiff predicates her allegation of error on the trial court’s reading from the pretrial order at the commencement of the trial. Because this was stated merely as a contention of the defendants, we hold that it did not constitute reversible error. See Rule 51, Alabama Rules of Civil Procedure, Nelms v. Allied Mills Co., 387 So.2d 152, 154 (Ala.1980).
Marsh’s next contention concerns the overruling of her objection to a hypothetical question posed to an expert witness for defendant St. Margaret’s Hospital:
*149 “Q. After reviewing this chart do you have an opinion as to the type care this lady got at St. Margaret’s Hospital?
“MR. ROACH: Just a second, please, sir. I object to the hypothetical question as not being complete, Your Hon- or..
“THE COURT: I’m not sure what chart you’re speaking of.
“MR. COLE: The St. Margaret’s chart for Mrs. Marsh’s admission on May 9th, 1984. If it please the Court, I submit to the Court that he has reviewed these charts and I think it would be totally impossible for me to hypothesize the hospital charts — it’s about six hundred pages — to give the jury an accurate hypothesis.
“MR. ROACH: I just entered my objection for the record, Your Honor.
“THE COURT: You may answer the question.
“Q. Do you have an opinion whether or not St. Margaret’s Hospital exercised the same degree of ordinary care, skill and diligence as other hospitals in the country in taking care of Mrs. Marsh while she was up there?
“A. Yes, sir. In my review of the chart I’m very impressed that she received exemplary care. As a matter of fact, I do not think she would have survived without the excellent care she got. There are probably only a handful of hospitals in Alabama that could have delivered this kind of care so that she would have survived.
“MR. COLE: Thank you, sir.”
This contention of error is, likewise, unfounded.
“This court has said on numerous occasions that when one side objects to a question, and the court rules on the objection, and the question is asked again in a slightly different manner, an objection must be made again or it is waived. Pardue v. Citizens Bank & Trust Company, 287 Ala. 50, 247 So.2d 368 (1971); Madison Highlands Development Company v. Hall, 283 Ala. 333, 216 So.2d 724 (1968); State v. Hodge, 280 Ala. 422, 194 So.2d 827 (1967); Southern Electric Generating Company v. Leibacher, [269 Ala. 9, 110 So.2d 308 (1959)].”
State v. Garris, 292 Ala. 495, 497, 296 So.2d 712, 714 (1974).
Last, Marsh argues that the trial court erred in granting defendants’ summary judgment motion on her contract claim. In Lemmond v. Sewell, 473 So.2d 1047 (Ala.1985), this Court stated:
“In Berry v. Druid City Hospital Board, 333 So.2d 796 (Ala.1976), the Court observed that the law does not imply a contract to exercise due care in the delivery of medical services by a hospital, but does impose a duty to do so, the breach of which gives rise to a tort action. The same is true of physicians. Specifically, the Court held:
“ ‘The duty of a hospital to use due care in the treatment of its patients is an obligation created by law; and the breach of that duty is a failure to observe a reasonable standard of due care under the circumstances which gives rise to the tort action. There exists a duty implied by law, as opposed to a contract implied by law, to exercise due care, the breach of which gives rise to an action in tort. We again affirm those decisions which refuse to imply a contract in law to impose a duty upon a hospital to use due care in the treatment of its patients.’
“333 So.2d at 799 (emphasis in original).
“We cannot distinguish between a hospital and a physician in this regard. The law exacts from each a duty to exercise due care in the delivery of medical treatment. It does not imply a contract to do so. If either breaches this duty, resulting in injury to another, a tort claim, but not a contract claim, arises.
[[Image here]]
“The law implies a duty on the part of a physician to exercise due care; it does not imply a promise on his part to do so. The breach of that duty is actionable in tort, not in contract, and one cannot circumvent these legal restrictions where, as here, it is apparent that a tort action has been stated. Its character is not changed by labeling the action one for *150 breach of an implied contract, nor does the allegation that the defendants ‘impliedly contracted ... or agreed to treat ... and care for,’ etc., make it so.”
Lemmond v. Sewell, supra, at 1048-49.
After a thorough review of the materials before the trial judge when summary judgment was granted in favor of the defendants, we find that no express contract existed, and in light of our holding in Lem-mond, the defendants were entitled to a judgment as a matter of law on Marsh’s contract claim.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.