(91 South. 446)
## MANNING v. ATLANTA, B. & A. RY. CO.
### (7 Div. 194.)

(Supreme Court of Alabama.  Nov. 17, 1921.)

**1. Trial ⬡⇒305—Parties and witnesses should not talk to jurors viewing premises.**

Parties and witnesses should not be permitted to talk to jurors, while jury is viewing premises alleged to have been injured.

**2. New trial ⬡⇒49—Action of witnesses and attorneys in talking to jurors and arguing with one another during viewing of premises, held ground for new trial.**

In action for damage to land from surface waters, caused by defendant's construction of embankment, action of attorneys and witnesses of the parties in talking to jurors and arguing with one another in presence of jury, while the jury was viewing the premises, held ground for new trial on motion of plaintiff, who was not present at the viewing and was not shown to have been responsible for such misconduct.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Action by Mrs. E. B. Manning against the Atlanta, Birmingham & Atlantic Railway Company, for damages for injury to property. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Walter S. Smith, of Lineville, for appellant.

Counsel discuss the legal phases of the case, with citation of authority, but, in view of the opinion, it is not deemed necessary to here set them out. On the proposition that a new trial should have been granted, because of the conduct of the jury and the party while viewing the site, counsel cites the following: 29 Cyc. 797; 204 Ala. 2, 85 South. 402; 187 Ala. 458, 65 South. 402; 24 Cyc. 280.

Lackey, Pruet & Glass, of Ashland, and Tillman, Bradley & Baldwin, and T. A. McFarland, of Birmingham, for appellee.

If there was any improper conduct, both parties were guilty, and the courts leave them where they find them. 200 Ala. 258, 76 South. 24; 119 Ala. 547, 24 South. 548; 187 Ala. 490, 85 South. 528, Ann. Cas. 1916E, 565; 99 Ala. 236, 13 South. 575; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 196 Ala. 401, 72 South. 28. It is open to parties to try their cases on illegal evidence, or with illegally constituted juries. 192 Ala. 354, 68

---

⬡⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

South. 291; 17 South. 387; 138 Ala. 472, 35 South. 469, 100 Am. St. Rep. 45; 112 Ala. 344, 20 South. 644; 109 Ala. 454, 20 South. 303; and authorities supra.

SOMERVILLE, J. The plaintiff sues to recover damages for injury to her property, resulting from the construction and maintenance of a fill by the defendant railroad company, on the street upon which her property abuts.

The main question was upon the effect of the embankment in its interference with the flow of rainwater, and causing it to flow and stand in unnatural quantities on plaintiff's premises; as to which the testimony of many witnesses concurred without conflict that there was such an interference with resulting damage. The jury viewed the premises with the consent of both parties, and under an order of the court.

[1] The viewing by the jury seems to have been loosely and improperly conducted. Parties and witnesses should not, on elementary principles of propriety, be permitted to talk to the jury, or any of its members, during the progress of the viewing, any more than at any other time.

The affidavit of Mr. McFarland, of counsel for defendant, contains the following:

"In addition to the jury, the court visited the premises and also plaintiff's counsel, Mr. Smith, as well as defendant's witnesses, Mr. Greenwood and Mr. Beall and the affiant. The jury viewed the premises, and Mr. Manning and plaintiff's father, Mr. Bell, pointed out to various members of the jury different locations on the premises, and engaged in arguments and discussions with defendant's witnesses, Mr. Greenwood and Mr. Beall. Plaintiff's counsel, Mr. Smith, took a portion of the jury on a tour of inspection over a part of the premises; plaintiff's husband, Mr. Manning. did the same, and plaintiff's father, Mr. Bell, talked with members of the jury with reference to certain boundaries. All this was done in the presence of the court [?] and plaintiff's counsel, as well as counsel for defendant. * * * Defendant's witnesses, Mr. Beall and Mr. Greenwood, talked with members of the jury, and engaged in an argument with Mr. Manning and Mr. Bell; all this without objection on the part of plaintiff's counsel."

Mr. Greenwood was the resident engineer, and Mr. Beall was the chief engineer, of the defendant company. Which side outtalked the other, or which most swayed the jury, does not appear, nor is it of importance to know. Such conduct involves much more than the mere rights and interests of the parties to the suit. It destroys, indeed, the dignity and the integrity of our judicial system, and cannot be sanctioned, though the complaining party witnessed it without objection, or even shared in the offense. As a matter of fact, the plaintiff in this case was not present at the viewing, and it does not appear that she was responsible for the actions of her husband or of any one in talking with and assisting the jury.

[2] We are clear in the opinion that the verdict in this case should be set aside, because of the misconduct above shown, however well intended it may have been; and it is therefore ordered that the judgment of the trial court be reversed, and the motion for a new trial granted.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.