69 So.2d 879

## DICKINSON

### v.

## FIRST NAT. BANK OF AUBURN.

### 5 Div. 405.

Court of Appeals of Alabama.

Jan. 12, 1954.

Wm. L. Dickinson, Opelika, for appellant.

Walter B. Venters, Opelika, for appellee.

PRICE, Judge.

In this case the sole assignment of error is: "For that the court erred to the prejudice of the appellant in overruling defendant's objection to plaintiff's being allowed to make closing argument, the plaintiff having waived his opening argument, (Transcript page No. 36) to which ruling defendant duly excepted."

432

A reference to page 36 of the transcript discloses the following:

"At the close of Mr. Dickinson's argument to the court, the following occurred:

"Mr. Dickinson: May it please the court, I would like to object at this time. When the plaintiff waived his opening argument he also waives his closing argument.

"The Court: I don't think so.

"Mr. Dickinson: We reserve an exception."

■■■ The record filed for the purpose of appeal is the sole, conclusive and unimpeachable evidence of the proceedings in the lower court, Union Mut. Ins. Co. v. Robinson, 216 Ala. 527, 113 So. 587, and on appeal error is not presumed, but the burden is on appellant to show error in the record. Blair v. Williams, 159 Ala. 655, 49 So. 71.

We are of the opinion the recitals of the record here do not show conclusively that a closing argument was actually made by plaintiff's attorney.

■■ Of course, we are bound by the record and cannot consider statements in briefs of counsel not supported by the record, MacMahon v. City of Mobile, 253 Ala. 436, 44 So.2d 570; but we think we should state here that the wisdom of the rule limiting our review to errors contained in the record is fully demonstrated by the fact that appellant's brief recites: "At the conclusion of the case the plaintiff waived his opening argument but was allowed to close," while appellee's counsel asserts: "Appellee respectfully denies that appellee's attorney made any closing argument."

Since we conclude the recitals of the record are insufficient to invite our review of the assignment of error, the judgment of the trial court must be affirmed.

Affirmed.