104 So.2d 915

**STATE of Alabama**

v.

**W. A. JOHNSON.**

**5 Div. 690.**

Supreme Court of Alabama.

Aug. 28, 1958.

**12**

J. Sydney Cook, Jr., Special Asst. Atty. Gen., and Ruth S. Sullivan, Opelika, for appellant.

Walker & Walker, Opelika, for appellee.

LAWSON, Justice.

The State of Alabama on January 11, 1957, filed a petition in the Probate Court of Lee County to condemn lands belonging to W. A. Johnson for highway purposes. The award of the commissioners in the Probate Court was $21,090 and judgment of condemnation was entered accordingly. The State took an appeal to the circuit court. No issue was made in the circuit court on the right of the State to condemn the property in question. The case was tried in the circuit court before a jury. The sole issue was the amount of damages to be awarded the property owner, W. A. Johnson. The jury returned a verdict for $22,000, practically the same amount as was awarded in the Probate Court. Judgment was entered accordingly and the State's motion for a new trial was overruled. The State has appealed to this court.

The State does not here complain that the amount of the verdict was excessive or that the verdict was contrary to the evidence or was the result of bias or prejudice. No assignment of error is to that effect. Indeed, the amount of the verdict is very little more than the value fixed on the condemned property by some of the State's witnesses and is greatly less than the value fixed by the witnesses for the appellee.

There are twenty-one assignments of error, seventeen of which are expressly waived.

The trial court ruled that the landowner was entitled to accompany the jury on its inspection of the property in question. That ruling is the basis of two of the argued assignments of error. But even if the ruling was erroneous, which we do not concede, it certainly could not work a reversal of this cause, for there is nothing in the record before us to show any prejudice to the appellant. From aught appearing, the landowner did not accompany the jury and certain it is that no wrongful conduct on his part is shown, as was the situation in the case of Manning v. Atlanta, B. & A. Ry. Co., 206 Ala. 629, 91 So. 446, upon which the State relies. An appellant has the burden not only to show error but to show probable injury. Linton v. Morton, 240 Ala. 563, 200 So. 614; King v. Scott, 217 Ala. 511, 116 So. 681; Pacific Fire Ins. Co. v. Overton, 256 Ala. 400, 55 So.2d 123; Tennessee Valley Sand & Gravel Co. v. Pilling, 35 Ala.App. 237, 47 So.2d 236, certiorari denied 254 Ala. 10, 47 So.2d 245; Wert v. Geeslin, 37 Ala.App. 351, 69 So.2d 718, certiorari denied 260 Ala. 701, 69 So.2d 724; Dickinson v. First Nat. Bank of Auburn, 37 Ala.App. 431, 69 So.2d 879.

Assignment of error No. 15 is as follows:

"Trial court erred in refusing to determine whether or not appellee('s) witness Wright was a qualified appraiser of reasonable market value of real estate here in issue."

This assignment relates to the testimony of A. M. Wright as to the market value of the property in question affected by the "taking."

The insistence is that A. M. Wright, a witness for appellee, was not shown to have had the qualifications of an *expert appraiser* to justify him to express to the jury his opinion with reference to the value of the property involved.

We think the fallacy of the contention is the claim that before a witness can testify to his opinion as to the value of property, which is pertinent, that he must be an expert appraiser, and that Mr. Wright did not show that he was thus qualified. But a person is competent to testify to his opinion as to value "if he has had an opportunity for forming a correct opinion," and testifies in substance that he has done so. § 367, Title 7, Code 1940; Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 622(13), 108 So. 600; Pryor v. Limestone County, 230 Ala. 295(3 and 4), 160 So. 700; Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594.

 An inquiry as to the competency of a witness is addressed to the sound discretion of the trial court, whose decision on the evidence will not be disturbed on appeal except for palpable abuse. Kirby v. Brooks, 215 Ala. 507(4 and 5), 111 So. 235.

The principle does not require a submission to the jury of the question of whether Mr. Wright is an expert in appraising the value of property. The jury weighs the value of his testimony, and it is not required to be that of an expert to be competent.

Moreover, the assignment of error here under consideration does not point out any specific ruling of the court which is thought to be erroneous. It is not sufficient. Housing Authority of City of Decatur v. Decatur Land Co., supra; Central of Georgia Railway Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290.

Assignment of error No. 16 is as follows:

"Trial court erred in readmitting over appellant's objection appellee witness McIntosh's unqualified testimony of fair market value of property in issue as undeveloped property suitable for subdivision."

This assignment does not point out any specific ruling of the court as being erroneous. However the question involved in it is not different from that referred to in Assignment No. 15, as to which there is no reversible error.

The judgment of the circuit court should be affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.