108 So.2d 173

George G. WALLACE et ux.

v.

PHENIX CITY.

4 Div. 969.

Supreme Court of Alabama.

Jan. 8, 1959.

Roy L. Smith, Phenix City, for appellee.

J. Pelham Ferrell, Phenix City, for appellant.

LAWSON, Justice.

On August 9, 1955, Phenix City, a municipal corporation, filed a petition in the Probate Court of Russell County to condemn lands belonging to George G. Wallace and wife for street purposes. The award of the commissioners in the Probate Court was $5,150 and judgment of condemnation was entered accordingly. The property owners took an appeal to the circuit court. No issue was made in the circuit court of the right of the City to condemn the property in question. The case was tried in the circuit court before a jury. The sole issue was the amount of damages to be awarded the property owners. The jury returned a verdict for $7,-150. Judgment was entered accordingly and the property owners' motion for a new trial was overruled. They have appealed to this court.

The appellants do not here complain that the amount of the verdict was insufficient or that the verdict was contrary to the evidence or was the result of bias or prejudice. No assignment of error is to that effect. There is an assignment of error to the effect that the trial court erred in overruling the appellants' motion for a new trial, but the grounds of the motion taking the point that the verdict was inadequate or that it was contrary to the weight of the evidence are not argued in brief.

There are seven assignments of error. Assignment of Error Three is expressly waived. Assignment of Error Seven, which is to the effect that the court erred in overruling appellants' motion for a new trial, is argued in brief so as to present no question for consideration not raised by the other argued assignments of error.

J. A. Daffron was called as a witness by the City. He testified in effect that the landowners would suffer a loss of $5,150.

On cross-examination he testified in substance that in arriving at that figure he did not give any consideration to any damage which might result to the moving of houses from the condemned property. On redirect examination of this witness the following occurred:

"Q. Now, these houses that are to be moved, they will be moved without expense to the property owner, is that correct, sir? A. That is right. *To be moved and erected in as good or better shape than they are at present.* (Emphasis supplied.)

"Mr. Ferrell: Now, we object to that. That is obviously merely a conclusion of the witness and we move to exclude it at this time.

"The Court: I overrule your objection. He has a right to state that that was his understanding.

"Mr. Ferrell: And we except.

"The Court: All right."

■ That part of the witness' answer which we have italicized above was not responsive to the question and might well have been excluded. However, after an examination of this entire cause, we cannot say that this voluntary statement of the witness has probably injuriously affected substantial rights of the appellants. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix. We hold, therefore, that reversible error is not made to appear by Assignments of Error One and Two.

■ The fourth assignment of error relates to the action of the trial court in overruling the appellants' objections to questions directed to the appellant, George G. Wallace, on cross-examination concerning the tax valuation of the property in question or the amount at which the property was assessed. Since the questions were not answered, no reversible error could have resulted from the court's rulings. Supreme Court Rule 45; Mintz v. Millican, 266 Ala. 479, 97 So.2d 769.

■ Both parties requested that the jury be permitted to inspect the property in question. At the request of counsel for the City, an engineer who had testified on behalf of the City was authorized by the trial court to accompany the jury. Counsel for the property owners then requested that the court instruct the jury "that no testimony be taken at the scene." The court thereupon stated in the presence of the jury as follows: "There will be no testimony there. I have already told them that. Nobody is going out there but the engineer and he will just answer their questions that they want to ask him about where the lines are and things of that kind."

Assignment of Error Five is to the effect that the court erred in refusing or failing to instruct the jury or bailiff that no testimony was to be taken or heard when the jury was viewing the property in question. The record as we interpret it shows that the jury was so instructed. Assignment of Error Six is to the effect

that the trial court erred to reversal in authorizing the engineer to accompany the jury and to answer their questions concerning the location of the property lines. There was no objection interposed to this action of the court, but in any event we cannot see where reversible error is made to appear even if that action of the court could be said to be erroneous and properly presented for our consideration. There is nothing in the record before us to show any prejudice to appellants. From aught appearing the engineer did not accompany the jury, and certain it is that no wrongful conduct on his part is shown, as was the situation in the case of Manning v. Atlanta, B. & A. R. Co., 206 Ala. 629, 91 So. 446, upon which the appellants rely. An appellant has the burden not only to show error but to show probable injury. State v. Johnson, ante, p. 11, 104 So.2d 915, and cases cited.

The judgment of the circuit court should be affirmed. It is so ordered.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.