294 So.2d 740

**STATE of Alabama**

v.

**A. D. WOODHAM et al.**

**SC 403.**

Supreme Court of Alabama.

May 16, 1974.

Jack W. Smith, and W. Perry Calhoun, Sp. Asst. Attys. Gen., Dothan, for the State.

Alto V. Lee, III, and Alan C. Livingston, Dothan, for appellees.

LAWSON, Supernumerary Justice.

This is the second time the State of Alabama has appealed to this court from a judgment of the Circuit Court of Houston County rendered in a condemnation pro-

ceeding brought by the State against the appellees.

The first appeal was from a judgment based on a jury verdict in favor of the appellees in the sum of $309,600. We reversed and remanded because of certain rulings by the trial court on evidence offered by the appellees, the condemnees, including those rulings which permitted the appellees to show the value of personal property in the store building which was on the land sought to be condemned. State v. Woodham, 288 Ala. 608, 264 So.2d 166.

The only question for determination at the trial after remandment was the amount of compensation to be awarded to appellees, the right of the State to condemn not being questioned. At that trial there was a jury verdict in favor of appellees in the amount of $282,139.33. Judgment followed the verdict. The State's motion for new trial was overruled and this appeal followed.

The State contends that the trial court erred to a reversal in allowing counsel for appellees to say to the jury in his opening statement:

" * * * We expect our evidence to show you that this property down there, which was left in that building on November 10, 1971, and which was sold by the State of Alabama on March 9, 1972, was property of the reasonable market value of between sixty-six and sixty-seven thousand dollars. I have rounded it off for the purposes of this presentation, that the property was left there and we expect the evidence to further show you it was involved in the proceedings and turned over to the State of Alabama. While this appeal was pending, we expect the evidence to further show you the State of Alabama took the property and sold it on March 12, 1972, for the sum of $10.00, to a third person; and further that the State of Alabama paid $25.00 for repairs to get it out of the building."

Prior to the time that statement was made, the court excused the jury from the courtroom and conferred with counsel for the parties. During the course of this conference, counsel for appellees took the position that our holding on first appeal was not applicable in that it had reference to consequential damages to personalty whereas it was appellees purpose to show that while the first appeal was pending the State took control of appellees' personalty located in the condemned building and sold it to a third party. It was appellees' insistence that they were entitled to present evidence to that effect and to be compensated for the personal property of appellees which had been appropriated by the State. Counsel for the State took a contrary position. The trial court during the colloquy gave no indication of how it intended to rule when such evidence was proffered by appellees.

Shortly after the conclusion of the conference, the court and counsel returned to the courtroom and immediately thereafter counsel for appellees made the statement about which appellant complains.

It is to be noted that counsel for appellee said: "We expect our evidence to show you * * *". The evidence did not come in as appellees' counsel hoped it would because when offered the trial court consistently ruled that it was not admissible under our holding on the first appeal.

The trial court repeatedly advised the jury in its oral charge to the effect that its sole responsibility was to determine the amount of compensation, if any, to which the appellees were entitled for "land taken in this case."

The appellant, the condemnor, did not request the trial court to give a written instruction admonishing the jury to give no consideration to the remarks of appellees' counsel presently under consideration. In Kilcrease v. Harris, 288 Ala. 245, 259 So. 2d 797, wherein reversal was sought because of remarks made by appellee's attor-

ney in his opening statement to the jury, this court said, in part:

" * * * It has been said that each case of this character must be decided upon its own merits and that there is no horizontal rule by which these qualities can be ascertained in all cases. Much depends on the issues, the parties, and the general atmosphere of the particular case. The final test is: 'Can the prejudicial tendency or effect of the improper statement be counteracted by an appropriate instruction from the trial judge, or is it probably beyond the reach of such remedial action?'" (Authorities cited.)

In *Kilcrease*, supra, we affirmed the action of the trial court in denying appellant's motion for a mistrial because of the alleged prejudicial statement. We realize that in *Kilcrease* the trial court sustained objections to the statement and admonished counsel "not to refer to the matter." There was no such action by the trial court in this case. But we think the provisions quoted above from *Kilcrease* are applicable here. We think any prejudicial effect of the statement about which complaint is here made, could have been counteracted by an appropriate instruction from the trial court.

■ Since the trial court was present, saw and heard what took place, observed the tone of the statement, and saw the reaction of the jury to the remark of appellees' counsel, as well as the follow-up effect of his own rulings and oral charge to the jury, we cannot say that the trial court abused its discretion in any ruling it made in regard to the statement about which complaint is made. See State v. Hargrove, 282 Ala. 13, 208 So.2d 444; Atlanta Life Ins. Co. v. Canady, 225 Ala. 377, 143 So. 561.

We do not feel that the statement by appellees' counsel falls within the scope of Cook v. Latimer, 274 Ala. 283, 147 So.2d 831.

We hold that the judgment of the trial court should not be reversed because of that part of the opening statement made by counsel for appellees quoted above.

Appellant argues an assignment of error which reads:

"For that the Trial Court erred in allowing testimony to be admitted from a deposition taken from Harold Roney prior to the trial, in that the testimony was pertaining to personal property and was totally irrelevant, immaterial and prejudicial to the Plaintiff [appellant], over the objections of attorneys for the Plaintiff. (Tr. pp. 187–255)"

If the assignment was designed for the purpose of having this court search through 68 pages of the transcript to determine whether the parts of the deposition of Roney admitted in evidence were irrelevant, immaterial and prejudicial, it is much too general.

We will observe, however, that insofar as we can determine the trial court admitted no testimony from the deposition of Roney which even remotely pertains to personal property.

We hold the assignment of error last quoted to be without merit.

The only other assignment of error to be considered is to the effect that the trial court erred in overruling the ground of the appellant's motion for a new trial which took the point that the verdict and judgment were excessive and were not supported by the evidence.

There were eleven witnesses who testified to seven different values of the land involved. The lowest valuation was $184,000; the highest $281,000. The jury verdict of $272,000 was within this range.

■ Appellant argues that the new trial should have been granted because the jury verdict exceeds the highest valuation fixed by a practicing real estate broker or ap-

praiser by \$17,313. The fact that witnesses who placed a higher valuation on the condemned property were not real estate brokers or appraisers does not warrant a holding that their testimony could not have been correctly considered by the jury. Their qualifications to express an opinion as to value is not challenged here.

■ This court has held that a person is competent to testify to his opinion as to value if he had had an opportunity for forming a correct opinion and testifies in substance that he has done so. State v. Johnson, 268 Ala. 11, 104 So.2d 915, and cases cited. The jury weighs the value of the testimony of such a witness. State v. Johnson, supra.

This court has said that the judgment of a trial court refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed unless after allowing all reasonable presumptions of its correctness, the preponderance of the evidence is so decided as to clearly convince the court that it is wrong and unjust. Louisville and Nashville Railroad Co. v. Vickery, 288 Ala. 555, 263 So.2d 656.

■ We have allowed all reasonable presumptions of the correctness of the verdict, and the evidence against the verdict is not so decided as to clearly convince the court that it is wrong and unjust. Under such circumstances, we are unwilling to pronounce our judgment, based only on the printed page, to be so superior to that of the jury and the trial court as to supersede their view of the matter and substitute our own for theirs. State v. Farabee, 268 Ala. 437, 108 So.2d 148.

The judgment of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX and FAULKNER, JJ., concur.