309 So.2d 452

The STATE of Alabama

v.

CENTRAL OF GEORGIA RAILROAD COMPANY, a corporation, et al.

SC 687.

Supreme Court of Alabama.

Feb. 27, 1975.

Jack W. Smith, Special Asst. Atty. Gen., Dothan, for appellant.

Lee & McInish, Merrill & Harrison, Dothan, for appellees.

MADDOX, Justice.

The State appeals from a condemnation award. Counsel for the State urges two points for reversal: (1) lay witnesses were allowed to testify as to value of the two condemned tracts, and (2) the verdict was excessive.

We have examined the record and find that each of the lay witnesses tes-

tified that they were generally familiar with the property and each stated that he had an opinion as to the value of the parcels. A person is competent to give his opinion as to value if he has had an opportunity to form a correct opinion and testifies, in substance, that he has done so. State v. Woodham, 292 Ala. 363, 294 So.2d 740 (1974). The jury weighs the value of the testimony of such witnesses. State v. Johnson, 268 Ala. 11, 104 So.2d 915 (1958).

The State's argument that the verdict is excessive is not persuasive either. The verdict was within the range of the highest value placed on the land by the landowner's witnesses and the lowest value put thereon by witnesses for the State. See State of Alabama v. Wise Development Co. (decided February 27, 1975), 293 Ala. 671, 309 So.2d 448.

In condemnation cases the conclusion of the trier of fact is to be given great weight. State v. Rigas, 282 Ala. 541, 213 So.2d 386 (1968). In Rountree Farm Co. v. Morgan County, 249 Ala. 472, 31 So.2d 346 (1947), this Court said:

"In condemnation cases there is often, as here, a wide divergence of opinion of witnesses as to values and items of damage. Claims by the property owner are sometimes exaggerated, and on the other hand are frequently minimized by the condemnor, both usually acting in good faith. The jury trying the issue must arrive at its verdict by reconciling the various opinions as best it can, and must analyze the evidence in the light of its common knowledge." 249 Ala. at 476, 31 So.2d at 350.

The jury verdict is fairly supported by the evidence. State v. Woodham, supra. There is no reversible error in the record. We affirm.

Affirmed.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.