ALMON, Justice.
This is a condemnation case. The State initiated proceedings in the Probate Court of Tuscaloosa County to take property located in the City of Tuscaloosa for highway purposes. Unhappy with the probate award, both parties appealed to the Circuit Court. A jury found the fair market value of the property to be $77,000. After the denial of a motion for a new trial, the State appealed.
The State’s expert witness testified that the property was worth $41,250. The landowners’ expert witnesses placed the value of the property between $96,000 and $107,-000.
The State claims error at trial because of the admission of certain testimony. More specifically, the State says opinion evidence cannot be based on hearsay; opinion evidence on the highest and best use of property is improper where that use is illegal under current city zoning laws unless other evidence is also presented indicating a reasonable possibility of rezoning and; proper predicates were not laid for the admission of comparable sales of other property in the vicinity.
When a jury verdict places the value of property within the range of the highest and lowest value placed upon that property by expert witnesses, the conclusion of the trier of fact is to be given much weight. State v. Central of Georgia Railroad Company, 293 Ala. 675, 309 So.2d 452 (1975).
The State’s first contention is that it was improper for the court to allow the landowners’ experts to give their opinion on the value of the property and subsequently give the facts upon which that opinion was based and that certain evidence should have been excluded when it later developed that it was based partly on hearsay information.
With respect to the State’s first point, two of the landowners’ expert witnesses testified that they had participated in real estate transactions in and around the Tuscaloosa area for a number of years; that they were familiar with property values in the area generally; that they were familiar with the property in question and that they had formed an opinion as to the value of the property. Each of the witnesses then gave their opinion of the property’s value. Subsequently each witness recounted instances of other sales of property in the same general area to support their opinion.
This court has previously noted that whether a witness has had an opportunity to form a correct opinion on the value of property is a preliminary matter and is left largely to the discretion of the trial court. Only where it clearly appears that the ruling was unjust will the exercise of discretion be disturbed. Blount County v. Campbell, 268 Ala. 548, 109 So.2d 678 (1959). In our opinion, the trial court did not abuse its discretion.
In two instances, the expert witnesses conceded on cross-examination that their opinion was based in part on hearsay testimony.

*278
Testimony of Bill Deal

Q. I asked you if on those three [pieces of property] is that the only way that you know it that Mr. Shelby told you?
A. Yeah, he had records proving it.

Testimony of Lee Pake

Q. So, you don’t know what the price of that property was, do you, except what Mr. Shelby has told you?
A. That’s not necessarily true, no. Well, Mr. Boles, I can give you a list of folks.
Q. They all told you how much the property was?
A. They told me about the property.
Even though the expert’s opinion on value was based in part on hearsay, the trial court did not err in refusing to exclude the evidence. In McLemore v. Alabama Power Company, 285 Ala. 20, 228 So.2d 780 (1969) we noted that
“ * * * an expert should be permitted on direct examination to state the sales prices of ‘comparable lands’ even though his knowledge of such sales prices is obtained from, or is founded upon, hearsay, for the reason that he should be permitted to show the basis for his opinion of the value of the land in question.
Our court has long recognized that, in part, opinions as to value by expert witnesses may be based on hearsay.” (emphasis deleted). 285 Ala. at 32, 228 So.2d 791.
It is clear that not only were the experts qualified to testify and familiar with the property, but their conclusions were based upon considerations not supported by hearsay. Compare McLemore v. Alabama Power Company, 289 Ala. 643, 270 So.2d 657 (1972).
The State contends that it was improper to admit evidence of comparable sales of property located in areas where the zoning classifications are different from the zoning classification of the condemned property. Sayers v. City of Mobile, 276 Ala. 589, 165 So.2d 371 (1964) merely sanctioned the admissibility of evidence concerning possible zoning changes. That case does not require evidence concerning the probability of a zoning change before property zoned differently can be used by expert witnesses in formulating their opinion of value. The zoning differentials were elicited by counsel for the State on cross-examination and the differentials went to the weight of the experts’ testimony. The trial judge stated the law in this regard correctly:
“Now, the rule that you can use to consider value of the subject property for its highest and best use contemplates the lawful use, one not prohibited by laws or zoning regulations. It would be improper to arrive at the market value of the subject property based entirely on prohibitive or illegal use.”
The State’s final contention is that the trial court erred in refusing to allow counsel for the State to fully cross-examine one of the landowners’ experts on the vol-untariness of one of the comparable sales. The error, if any, in this regard was minimal because an examination of the record reveals that only one of the three expert witnesses was questioned with respect to this matter and only one transaction was involved. Rule 45, ARAP.
We have examined the entire record and are of the opinion that there is no reversible error. Some of the evidentiary predicates were admitted after the fact. Many of the objections to testimony were general and not specific. Some of the objections that should have been sustained were rendered harmless by subsequent admission of the same testimony without objection. The judgment of the Circuit Court is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.