EMBRY, Justice
(dissenting):
I must disagree with the majority. While it is a well established rule in Alabama that in condemnation proceedings the “price paid by the condemnor for other lands which are to be used for the same purpose as the lands being condemned is inadmissible and its admission is reversible error,” State v. Hodge, 280 Ala. 422, 194 So.2d 827 (1967), such evidence was properly admitted in this case because it was one variable presented, among many, to show the method by which the appraiser arrived at the value of the subject property. Petersen supported his computations by discussing the values of surrounding and comparable lands. The accuracy of values he placed upon several of these comparable properties was questioned upon cross-examination. Admission of his testimony about the price paid the City of Robertsdale under threat of condemnation was offered not to show what its actual value was, but, as one of many variables, in order to arrive at what he considered a fair market value of the Cooper property. Whether a witness had an opportunity to form an accurate opinion about the value of property is a preliminary matter and is left largely to the discretion of the trial court. Only where it clearly appears that the ruling was unjust will that exercise of discretion be disturbed. State v. Benderson, 366 So.2d 276 (Ala.1979). I find no abuse of discretion on the part of the trial court in this regard.
Even if the trial court committed error by admitting Petersen’s testimony regarding the price paid for property under threat of condemnation, I do not see, in this case, that the State suffered substantial injury from that erroneous ruling. Rule 45, ARAP, Costarides v. Miller, 374 So.2d 1335 (Ala.1979).
There is another basis that demonstrates the State suffered no substantial injury by the admission of the questioned testimony: that testimony concerning the price paid by the State for the City of Robertsdale property was just one bit of extensive other evidence that the jury considered in arriving at the amount of damages Cooper was entitled to be paid for the taking of her lands. Evidence presented by expert witnesses for both the State and Cooper placed *773 the damages suffered by her at between $14,150 and $72,968; the jury assessed damages at $37,000.
When a jury verdict places the value of property within the range of the highest and lowest value put upon that property by expert witnesses, the conclusion of the trier of fact is to be given great weight. State v. Central of Georgia Railroad Co., 293 Ala. 675, 309 So.2d 452 (1975).
FAULKNER and ADAMS, JJ., concur.