BRADLEY, Judge.
This is a land condemnation case.
On April 23, 1982 the Big Nance Creek Water Management District and Lawrence County, a political subdivision of the state of Alabama, filed a complaint in the Probate Court of Lawrence County seeking condemnation of an undivided one-half interest in 18.9 acres owned by Irene B. Mardis and husband, Paul Mardis. The purpose of the condemnation was to acquire an easement over the above described lands so that floodwaters could be impounded by the construction of a dam.
On May 21, 1982, after a hearing, the probate court ordered the property condemned and appointed commissioners to view the property and assess the damages to be awarded the property owners. The commissioners fixed the damages at.$500. The probate court then entered a final order of condemnation and awarded damages of $500 to the property owners.
The property owners-defendants appealed to the Circuit Court of Lawrence County. After a nonjury hearing the circuit court entered an order condemning the property and awarding damages to the defendants in the amount of $750. The defendants appeal.
The defendants’ first question on appeal is whether Big Nance had been incorporated pursuant to sections 9-9-1 to -80, Code 1975, and thus had the authority to condemn the property in question.
The Alabama Water Management Act, 1965 Ala.Acts 685, sections 9-9-1 to -80, Code 1975, provides that the probate court of any county may establish water management districts for the purpose, among others, of flood prevention by constructing floodwater retarding structures. The process is commenced in the probate court by the filing of a petition containing the names of a majority of landowners owning more than a third of the land in a proposed district or by at least one-third of the persons owning more than one-half of the land in the proposed district. The petition must set forth the specific body of land that will be benefitted by the construction of the proposed works. The court must then appoint a competent engineer to survey the proposed district to be benefitted. The engineer must ascertain whether the proposed improvement will promote the public health, safety, and welfare and, if so, prepare a tentative estimate of the cost of the proposed improvements.
The probate court must then hold a hearing, notice of which must be given, at which all affected parties may appear and be. heard. After the hearing the court shall, if it finds that purposes of the act will be subserved, declare the district organized as a body corporate with all powers authorized by the act. Among these *908 powers is the power of eminent domain. § 9-9-21, Code 1975. An appeal may be taken to the circuit court within twenty days of this decision.
The evidence reflects that the Probate Court of Lawrence County entered an order creating the Big Nance Creek Water Management District on November 1,1969. The record does not show that an appeal was taken from this judgment. Therefore, pursuant to section 9-9-21, Big Nance, being a body corporate to carry out the purposes of the Water Management Act, had the authority to condemn the property in question for the purpose of impounding floodwaters.
Defendants next contend that the evidence does not support the circuit court’s decision that the purposes of the Water Management Act would be served by condemning the land in question. They argue there is no proof that the public interest would be served by the condemnation.
There is testimony in the record that the acquisition of the easement by Big Nance would permit the construction of a dam which would control floodwaters and reduce erosion to the land, thereby benefit-ting all of the property above the dam. There was additional testimony that benefits would flow to the property lying below the dam and all the way to the Tennessee River by reducing flooding and erosion.
This case was tried to the court sitting without a jury, and the trial court’s findings are clothed with a presumption of correctness which will not be disturbed except where unsupported by the evidence or for palpable error. Silverman v. Charmac, Inc., 414 So.2d 892 (Ala.1982). The evidence in the present case supports the trial court’s findings. No error here.
Defendants’ final contention is that the damages awarded them for the taking of their property are inadequate.
The evidence shows that the damage suffered by the defendants ranged from $500 to $30,000. The trial court awarded the defendants $750 for the damage to their property as a result of the impoundment of floodwaters on part of their property. Where the amount of damages fixed by the trier of fact falls between the high and low valuation testimony, the verdict or judgment will not be deemed excessive or inadequate. State v. McLe-more, 387 So.2d 827 (Ala.1980). We find no error in this aspect of the case.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.