JONES, Justice.
The State of Alabama appeals from a judgment entered on a jury verdict establishing the damages in a condemnation proceeding. We affirm.
On August 16, 1985, the State of Alabama filed an application to condemn in the Probate Court of Marengo County, seeking to acquire a right of way for a state highway project. The application was granted on August 29, 1985, and, on September 3, 1985, the probate court appointed commissioners to “view the real estate described in said Application and to assess the damages and compensation to which the [owners] are entitled.” The probate court also ordered the commissioners to “report their findings in writing to [the court] within twenty (20) days hereafter as provided by law.”
The commissioners’ report, filed with the probate court on September 16, 1985, stated:
“The undersigned Commissioners ... have viewed the real estate sought to be condemned [and] we have received all legal evidence offered by any party relative to the amount of damages the owners of said real estate will sustain and do hereby ascertain and assess the amount of damages and compensation to which the owners of each tract are entitled ... as follows:
“Tract No. 7 $8,400.00
“Tract No. 9, Revised $60,000.00”
*1206 On that same day, the probate court entered its decree of condemnation which described the foregoing proceedings, including the reception of evidence both by the court and by the commissioners, and which adopted the report of the commissioners. The decree reads, in part:
“It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the Petitioner, State of Alabama, pay all costs incurred in this cause.
“And it further appearing to the Court that the damages and compensation so ascertained and assessed by said Commissioners for the respondents [are] as follows:
“Tract No. 7 $8,400.00
“Tract No. 9, REV. $60,000.00"
The State appealed from the probate court’s decree to circuit court, where, upon motion of the State, the proceedings involving the two tracts of land were severed. The instant appeal is from a judgment entered on a jury verdict determining the damages to be awarded A.W. Compton, Jr., as the owner of Tract No. 9.
Four witnesses testified at trial: John Wilkerson, an engineer for the Alabama Highway Department; M.M. Hall, a real estate appraiser called by the State; John Caldwell, a real estate broker and appraiser called by Compton; and A.W. Compton, Jr., the owner of Tract No. 9.
Wilkerson testified that the total area taken by the condemnation was approximately 40 acres, leaving a remaining area in Tract No. 9 of approximately 427 acres. Hall testified that the “before” value of Compton's property was $639,300, and that the “after” value was $592,200; therefore, the damages to the property, according to Hall, are $47,100.[1] Mr. Hall also testified that the highest and best use of Tract No. 9 was for the production of cattle and timber, but he allocated no amount of damages to the effect of the taking on the remaining property in Tract No. 9.
Caldwell, Compton’s appraisal witness, testified to a “before” value of $627,221, and an “after” value of $545,307. Caldwell’s estimation of damages was $81,914 —which included an amount for the loss of the timber on the right-of-way. Caldwell went on to state that his damages estimate should be reduced by $14,289 (to a total of $67,625) in the event Compton was able to sell the timber on the right-of-way prior to condemnation. At trial, Compton acknowledged that he did sell the timber on the right-of-way prior to the taking.
Compton himself testified at trial that the “before” value of his property was $702,100, and the “after” value was $583,-973. Based on these figures, Compton computed his damages due to the taking at $118,127.
In support of his computations, Compton testified as to particular items with identifiable values that had been taken as a result of the condemnation (acreage, water supply, tenant house, gravel pit, fencing, etc.). Compton also listed damages incurred in the taking but which did not have previously assigned values, such as additional fencing, an electrical system to pump water, damage caused by inevitable erosion, loss of value as a hunting ground and the loss of the sale of hunting rights, loss of access to a portion of his grazing acreage (the loss of access requires that Compton truck his cattle from one field to another, whereas the cattle could wander freely prior to the taking), the cost of timber removal to provide new approaches to Compton’s “hill lands,” and the loss of profit in Compton’s timber business because of difficulty in removing timber via the new approaches. Additionally, Wilkerson, the State Highway Department engineer, testified that the State was not going to provide access from the new state roadway to Compton’s lands; *1207 therefore, an access road would have to be built by Compton.[2]
The jury returned a verdict for Compton and assessed his damages at $95,000. The trial court entered its judgment on the jury’s verdict, plus $2,429.84 in interest, for a total recovery of $97,429.84. The State’s motion for new trial was overruled and this appeal followed.
The State raises one issue on appeal: Whether the testimony of Mr. Compton, the owner of Tract No. 9, as to the “before” and “after” values of his property and as to the damages incurred in the taking of his property, had a sufficient probative basis to support the jury’s verdict of $95,000.
Where, as here, the jury does not see the land in question, its verdict must be based on and supported by the evidence presented at trial. State v. Walker, 281 Ala. 182, 200 So.2d 482 (1967). It is well settled in Alabama law “that any person, including a layman, is competent to testify as to his opinion concerning the value of land if he has had an opportunity [to form] a correct opinion and testifies in substance that he has done so.” State v. Steele, 374 So.2d 325, 329 (Ala.1979). Further, the evidence may include the testimony of the landowner himself with regard to the value of the land before and after the taking, as well as to the total amount of the damages incurred in the taking {State v. Hastie, 333 So.2d 795 (Ala.1976)); provided, of course, that the landowner’s testimony has a probative basis in fact, rather than in mere familiarity with the land arising out of ownership. State v. Steele, supra.
The State argues, however, that Compton’s testimony that his damages amount to $118,127 has no factual basis. The testimony of the two appraisers produced damages estimates of $47,100 and $67,625. Compton’s testimony regarding his itemized damages reached a total of $79,595. Because these figures fall far short of both the $118,127 figure (“before” value less “after” value) claimed by Compton and the $95,000 verdict returned by the jury, the State argues that neither the jury’s verdict, nor Compton’s testimony upon which the verdict was based, has any support in factual values.
Under Alabama law, however, a jury in a condemnation proceeding is not restricted to an exact formula for arriving at damages, nor is it required to accept the testimony of any particular witness as to values or as to the amount of damage incurred. Rather, it must “arrive at its verdict by reconciling the various opinions as best it can, and must analyze the evidence in light of its common knowledge.” Rountree Farm Co. v. Morgan County, 249 Ala. 472, 476, 31 So.2d 346, 350 (1947). See, also, State v. Steele, supra; State v. Central of Georgia R.R. Co., 293 Ala. 675, 309 So.2d 452 (1975).
We note initially that Compton, as the landowner, not only was competent to testify as to the value of his land and as to the damage done to it by the taking, but also had the opportunity to form a “correct opinion” in these matters and he testified that he had done so. For example, Compton stated that he had been in the cattle and timber businesses for 50 years and that his farm was devoted to these businesses. Compton also testified that he had bought and sold land enough to give him sufficient knowledge of the value of real estate to support his testimony with regard to his own land. We find that these statements, in the context of Compton’s entire testimony at trial, justify the jury’s consideration of Compton’s testimony in assessing his damages. Indeed, the law in this state is clear that a witness need not be an expert appraiser in order to testify as to his opinion of the value of property. See State v. Woodham, 292 Ala. 363, 294 So.2d 740 (1974); State v. Johnson, 268 Ala. 11, 104 So.2d 915 (1958); § 12-22-114, Ala.Code 1975. We find that Compton was competent to testify as to the value of his proper *1208 ty and as to the amount of damage he suffered, and that his testimony did, in fact, have a probative basis.
In coming to its decision on a damages award in a condemnation case, a jury should consider all the factors which would affect the property, including any adverse effect the taking and the completed project will have on the remaining portion of the land. Blount County v. Campbell, 268 Ala. 548, 109 So.2d 678 (1959). These adverse effects, of course, will include any obstruction or interruption of the access between the remaining tract and a public highway; and the loss of such access “forms a part of the injury to the land.” St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683 (1961); § 18-1A-194, Code 1975.
“The overwhelming weight of authority is that the owner of land abutting on a street or highway has a private right in such street or highway, distinct from that of the public, which cannot be taken or materially interfered with without just compensation. Access to the highway is one of these private rights and is a property right, and the interference with the right of access of an abutting owner is an element of damage. [Cites omitted.] We have held that ‘access to a public highway is an incident to the ownership of land abutting thereon,' City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160; and interference with such access is an element of damages.” Blount County v. McPherson, 268 Ala. 133, 135, 105 So.2d 117, 119 (1958). Quoted with approval in Davis v. State, 346 So.2d 936 (Ala.1977); Bukacek, supra.
The fact that the information regarding the loss of access between Compton’s remaining property and the public highway was obtained from the State’s witness (highway engineer Wilkerson) and was not included in the appraisal computations of the other witnesses has no detrimental effect on the relevancy of that testimony to the issue of damage to Compton’s property. We find that the jury was justified in using its “common knowledge” to consider this evidence along with the testimony of all the witnesses in carrying out its duty to assimilate all the evidence having a bearing on the assessment of damages resulting from this condemnation.
The State’s argument that the verdict is excessive is without merit. As recently as 1980, this Court has held that “if the amount of damages fixed by the jury [in a condemnation proceeding] falls between the high and low valuation testimony, the verdict will not be deemed excessive.” State v. McLemore, 387 So.2d at 828. See, also, Mardis v. Big Nance Creek Water Management District, 459 So.2d 906 (Ala.Civ.App.1984). The $95,000 verdict in the instant case certainly falls between the high damage figure proffered by Compton and the low damage total placed on the property by the State’s witness. Moreover, as noted earlier, the jury had heard additional testimony, not part of the damage computations, which placed a value on Compton’s loss of access to the public highway.
We find that the jury arrived at its verdict by “reconciling the various opinions as best it [could and analyzed] the evidence in the light of its common knowledge.” Rountree, 249 Ala. at 476, 31 So.2d at 350. Moreover, even if, in our opinion, the values testified to by any witness appeared excessive when compared with the testimony of other witnesses, we could not, on that basis alone, overturn the verdict of the jury, whose duty it was to weigh the testimony of every witness, including that of the landowner. See State v. Steele, supra. We also find it appropriate here to restate the familiar rule that a jury’s verdict is presumed to be correct and that that presumption is strengthened when the trial court denies the losing party’s motion for a new trial.[3] See, e.g., Cooper v. Peturis, 384 So.2d 1087 (Ala.1980).
*1209 Because we find that the jury’s verdict was based upon competent evidence, we find no error in the trial court’s denial of the State’s motion for a new trial. Accordingly, the judgment appealed from is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Justices concur.

. In a condemnation proceeding where only a part of the tract is taken, one method of assessing damages is to determine the difference between the value of the entire tract immediately before the taking and the value of the part of the tract remaining after the taking. State v. McLemore, 387 So.2d 827, 828 (Ala.1980).

. Because this information was not known by the parties until Wilkerson testified at trial, the factor of loss of access was not included in the pre-trial computations of either Caldwell or Compton.

. We note that we have not followed the Hammond remand procedure in this case. (See Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986). Cf., State v. Steele, supra.) We have elected not to remand this case for a reconsideration of the excessiveness of the verdict issue *1209 because, here, that issue is raised in the context of the trial court’s alleged error in admitting certain testimony claimed to be without probative value.