507 So.2d 403 (1986)
STATE of Alabama
v.
McCURDY CONCRETE, INC.
85-363.
Supreme Court of Alabama.
September 26, 1986.
On Return to Remand April 24, 1987.
Winston V. Legge, Jr., Sp. Asst. Atty. Gen., for appellant.
Thomas E. Parker, Jr., of Berry, Ables, Tatum, Little & Baxter, Huntsville, for appellee.
PER CURIAM.
Because the State's post-judgment motion for a new trial on the sole ground of excessiveness of the award was denied without opinion or findings of fact, we remand this cause for reconsideration of the issue of excessiveness, pursuant to Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986). See, also, Harmon v. Motors Insurance Corporation, 493 So.2d 1370 (Ala.1986); and Alabama Farm Bureau Mutual Casualty Insurance Company v. Griffin, 493 So.2d 1379 (Ala.1986).
REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.

ON RETURN TO REMAND
PER CURIAM.
We remanded this cause for reconsideration of the issue of excessiveness of the award, pursuant to Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986). The trial court has now responded with a supplemental judgment setting forth: 1) a summary of the evidence going to the issue of damages; 2) findings that the jury award was well within the range of the testimony and that the verdict was not the product of bias or prejudice; and 3) its reaffirmance of the judgment as originally entered.
By purposeful design, this Court in Hammond used the following broad, general language:
"We simply now require the trial courts to state for the record the factors considered in either granting or denying a motion for new trial based upon the alleged excessiveness or inadequacy of a jury verdict. We know of no other way by which this Court can discharge fairly its role of review." Hammond, supra, at 1379.
We recognized at the time of Hammond that numerous cases involving the "excessiveness" issue were already "in the pipeline," and that these cases would have to be decided on a case-by-case basis. It was never our intention, however, to automatically remand every case then on appeal in *404 which the "excessiveness" issue was raised. In retrospect, we realize that this case (for compensatory damages only) is one that should not have been remanded for further proceedings within the contemplation of Hammond. This is not to say, however, that the Hammond remand procedure is limited to awards of punitive damages.
While we commend the trial court for its excellent and timely response to our remand order, we now acknowledge that in this case we should not have placed an additional burden upon the trial court on remand. Indeed, the original record on appeal reflected the very evidence later summarized by the trial court in support of its supplemental judgment. Moreover, we have now consciously released two "in the pipeline" cases, without a Hammond remand, where the record on appeal in each case was sufficient for this Court's review of the "excessiveness" issue. General Finance Corp. v. Smith, 505 So.2d 1045 (Ala. 1987); Farmers & Merchants Bank v. Hancock, 506 So.2d 305 (Ala.1987).
The judgment is due to be affirmed on the authority of State v. Compton, 502 So.2d 1205 (Ala.1987).
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.