HOUSTON, Justice.
This is an appeal by the State of Alabama from a judgment entered in favor of landowners, Jimmie L. Coheley and Ranae B. Coheley, in the amount of $63,000 in a condemnation case in which the State condemned 15.97 acres of the Coheleys’ 64-acre tract of land.
The only issue determined by the jury was the amount of the award to the Cohe-leys. The Coheleys and four witnesses on their behalf testified as to the before and after values of the Coheleys’ property. The $63,000 award was substantially below the difference between the before and after values assigned by the Coheleys and their witnesses to the land with the improvements thereon.
The issues presented to us for review are:
I. Whether the trial court’s admission of testimony as to value was error where the State objected to its admissibility on the ground that the Coheleys had failed to provide required information concerning that testimony pursuant to a pre-trial order, despite repeated requests by the State.
II. Whether certain witnesses who were allowed to testify as to value had the requisite basis upon which to form an opinion.
The pre-trial order contained the following paragraphs:
*258 “6. EXPERT WITNESSES: Not less than TWENTY (20) days prior to trial, whether or not previously obtained by discovery, each party shall furnish to any other party making written request for such information the names and addresses of any and all expert witnesses expected to be called to testify at trial together with a brief summary of the opinions and conclusions of any such experts intended or expected to be offered. Failure to provide the information required by this paragraph shall result in the Court refusing to allow any undisclosed witness’ evidence or testimony at trial. This rule is intended to give to all parties ample notice of possible expert testimony in order to adequately prepare for trial.
“7. LAY WITNESSES: Upon a case being called for trial, each party shall provide the Court and each opposing party a full and complete list of all witnesses expected to be called to testify during such party’s case-in-chief. Failure to comply with the requirements of this paragraph shall (.result in the Court refusing to allow the testimony of any undisclosed witness. This paragraph does not apply to rebuttal witnesses who are called only as such. This paragraph is intended to allow all parties sufficient identity of potential witnesses to conduct meaningful voir dire of the jury panel. The sanctions imposed for non-compliance will not be waived unless to prevent manifest injustice.”
The Coheleys provided the State with the names of the four witnesses who testified; however, they did not provide the State with the opinions or conclusions of these witnesses. The Coheleys refused the State’s request for a summary of these witnesses’ testimony. On the day the case was called for trial, the State filed a motion to continue until the Coheleys provided the State with the opinions and conclusions of these witnesses. This motion was denied. The State filed a “Motion in Limine/Protec-tive Order” to prohibit testimony as to values from any of the Coheleys’ witnesses, except the Coheleys themselves. This was denied. The State objected to the valuation testimony of these four witnesses on the grounds that their opinions and conclusions had not been furnished to the State pursuant to the pre-trial order and that they were not qualified to testify as to value. These objections were overruled. The State filed a motion for new trial, assigning the actions of the trial court in denying the motions and in overruling the objections as grounds for a new trial. The State has meticulously preserved the error, if error it be.
The Coheleys contend that the four witnesses were not expert witnesses, but “lay witnesses,” and that the Coheleys complied with the pre-trial order as to lay witnesses, by providing the court and the State with the names of these witnesses. The Cohe-leys further contend that these witnesses were competent to testify as lay witnesses. We agree.
This Court has held that a person is competent to testify as to his opinion of the value of real property, if he has had an opportunity to form an opinion and testifies in substance that he has done so. The jury weighs the value of the testimony of such .a witness. State v. Woodham, 292 Ala. 363, 294 So.2d 740 (1974); State v. Johnson, 268 Ala. 11, 104 So.2d 915 (1958). In State v. Johnson, supra, we held that such a witness did not have to be an expert appraiser.
One witness, Ernest G. Brown, was Ms. Coheley’s father; he had owned the land in dispute for nine years, before he conveyed it to the Coheleys. He was the retired maintenance director at Anniston Army Depot and he did part-time consulting work with the United States Defense Department on armored combat vehicles. He had bought and sold land in Calhoun County and had been on the land in dispute between 200 and 225 times. Mr. Brown had an opportunity to form an opinion as to the before and after values of the property and he testified in substance that he had done so. We do not find that the trial court abused its discretion in permitting Mr. Brown to testify. Our standard of review is whether there was an abuse of *259 discretion. Electrolux Motor AB v. Chancellor, 486 So.2d 414, 417 (Ala.1986).
Dr. David Chandler, an optometrist, had bought and sold real property in Calhoun County. He had been on the property in dispute two or three times within the last year. He had had an opportunity to form an opinion as to the before and after values of the property, and he testified in substance that he had done so. We do not find that the trial court abused its discretion in permitting Dr. Chandler to testify.
Clyde Morris Reeves, an Alabama State Trooper, lived near the Coheleys on a 15.-26-acre tract that he had owned for several years. He had been on the Coheley property numerous times, and he was familiar with the land and house and had bought and sold property in Calhoun County. He had had an opportunity to form an opinion as to the before and after values of the Coheleys’ land, and he testified in substance that he had done so. We do not find that the trial court abused its discretion in permitting Trooper Reeves to testify.
Gary Marbut, a restaurant owner and licensed real estate agent, had sold real estate on a part-time basis in the past, but was not actively working as a real estate agent at the time of trial. He had been on the land and in the house on the land several times. He had had an opportunity to form an opinion as to the before and after values of the property, and he testified that he had done so. We do not find that the trial court abused its discretion in permitting Mr. Marbut to testify.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.