COBB, Judge,
dissenting.
I respectfully dissent from the unpublished memorandum, affirming Andre Bonds’s conviction for receiving stolen property in the first degree, a violation of 13A-8-17, Ala.Code 1975. The indictment charged Bonds with receiving, retaining, or disposing of a 1987 GMC Safari van, which had a value of $4,000. Receiving stolen property in the first degree is defined as “Receiving stolen property which exceeds $1,000.00 in value.” § 13A-8-17, Ala.Code 1975. Receiving stolen property in the first degree is a Class B Felony.
The evidence established the following. On the night of September 21, 2002, Bonds was in possession of a stolen 1987 GMC Safari van. This van had been stolen from James A. White earlier that evening. While fleeing from police in this van after he was seen breaking into an automobile, Bonds lost control of the van and crashed, severely damaging the van. Concerning theft of the van, White testified that the van was worth approximately $4,000 before the crash and that it was a total loss after the crash. Specifically, White testified as follows regarding the van’s value.
“Q. [By defense]: When you said $4,000, did you just pull that number out of the air?
“A. No. That’s about what I had asked, you know, different car dealers or whatever. So depending on the year model and what it was, that’s what I guess it would be worth.
“Q. So you were guessing? You don’t know?
“A. No, sir, not a hundred percent sure I don’t.
[[Image here]]
“Q. You have nothing here to show as to the true value of that car other than your estimate?
“A. I don’t.
“Q. How long have you owned that van?
“A. It was my dad’s van. He got disabled, and he turned it over to me. So in my possession probably about two years and in his possession probably about three years.
“Q. And do you know how much your father paid for that van?
“A. No, sir, I don’t.
“MR. SCARBOROUGH: That’s all the questions I have, Your Honor.
“THE COURT: What did you say in your best judgment a reasonable market value of the van would be?
“THE WITNESS: $4000.
“THE COURT: You may step down.”
(R. 77-78.)
During presentation of the defense’s case, the trial court sustained the State’s objection to the defense’s attempt to elicit testimony from Frank Clark, who has owned an automobile paint and body shop for 18 years and who also has 3 years’ experience in automobile salvage, regarding the value of the van. The trial court reasoned that because Clark had never seen and inspected the van, he could not offer his opinion as to its value.[1] This ruling foreclosed the possibility of presenting the jury with the option of finding Bonds guilty of receiving stolen property in the second degree, a lesser offense -to the offense of receiving stolen property in the first degree. Receiving stolen property valued between $100 and $1,000 constitutes the offense of receiving stolen property in the second degree; receiving stolen *214 property in the second degree is a Class C Felony.
On appeal Bonds contends that the trial court erred in sustaining the State’s objection to Clark’s expert testimony because White had not provided any basis for his lay opinion that the van had a value of $4,000.
On appeal, the court affirms the rationale and ruling of the trial court. Citing Maxwell v. State, 620 So.2d 93, 98 (Ala.Crim.App.1992), the unpublished memorandum relies on the following in reaching its decision.
“[A] properly qualified expert witness may base his opinion upon ... facts of which he has firsthand knowledge ... Of course, it must be shown that the witness has sufficient knowledge of the facts to enable him to form an opinion, and he must testify as to the facts in his own knowledge upon which his opinion is based.”
(Quoting Hollis v. Scott, 516 So.2d 576, 580 (Ala.1987).) This court ruled that the trial court correctly found that because Clark had not examined the van he “did not possess sufficient knowledge of the facts to enable him to form an opinion.” Bonds v. State, 872 So.2d 212 (Ala.Crim.App.2003).
I respectfully dissent from the ruling of the unpublished memorandum. The question whether Clark qualified as an expert was not raised or addressed in the trial court. However, I believe sufficient evidence was presented to establish Clark as an expert as to the value of used automobiles and I believe sufficient facts were presented to allow Clark to give an opinion as to the value of a 1987 GMC Safari van with 110,000 miles on the odometer.
The following occurred during defense’s questioning of Clark.
“Q. Would you state your name for the Court, please?
“A. Frank Clark.
“Q. Mr. Clark, how are you employed?
“A. I have a paint and body shop and a salvage yard.
“Q. And how long have you had that paint and body shop and salvage yard?
“A. I’ve had the body shop about 18 years now, and I’ve had the salvage yard about 3.
“Q. In your business do you repair and sell vehicles?
“A. Yes, sir.
“Q. And you say you’ve been doing it about how many years?
“A. Eighteen.
“Q. Have you been certified or qualified as a automobile paint and body man?
“A. Yes, sir.
“Q. Where do you get your certification from?
“A. From school — went to ASC school through PBG school.
“Q. What I want to ask you about now, Mr. Clark, is a 1987 GMC Safari van. Have you had any experience with vehicles like that?
“A. Yes, sir.
“Q. And particularly with this one, the owner says it’s got a 110,000 miles on it. Do you have any idea or any estimate as to the value of that vehicle if it was sold today?
“MR. ADAMS: Judge, objection. Calls for speculation.
“THE COURT: I sustain the objection unless he saw and inspected this vehicle.
“MR. SCARBOROUGH: Judge, I’m asking him just about a vehicle like they say was stolen.
“THE COURT: Does he know the vehicle that is involved here?
*215 “MR. SCARBOROUGH: He’s never seen it as far as I know.
“THE COURT: Sustained the objection.
“MR. SCARBOROUGH: That’s all I have of this witness.”
(R. 80-82.)(Emphasis added.)
“Where the opinion of an expert is elicited, the proper test to determine his qualifications is whether his knowledge of the matter would probably aid the trier of fact in its determination of the truth, Glaze v. Tennyson, 352 So.2d 1835 (Ala.1977), or if the witness has some special experience which enables him to form a more reliable opinion than the average person. C. Gamble, McElroy’s Alabama Evidence § 127.01(5) (3d ed.1977). Whether a particular witness will be allowed to testify as an expert is a matter within the sound discretion of the trial court and. will not be disturbed absent palpable abuse. Burroughs Corp. v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala.1982). Moreover, should an expert be without firsthand knowledge concerning data upon which his opinion is sought, the data may be supplied to him in the form of a hypothetical question. Defense Ordinance Corp. v. England, 52 Ala.App. 565, 295 So.2d 419 (Ala.Civ.App.1974).”
Thurman v. Thurman, 454 So.2d 995, 999 (Ala.Civ.App.1984)(It was not error to allow Evelyn Hall, who “has been employed at a jewelry store in Florence, Alabama for fifteen years and [who] sells mostly new silverware but also disposes of used silverware,” “to testify as to the value of a used set of sterling silverware as the result of a hypothetical question which had been propounded to her.”).
I believe that in the instant case, even though Clark did not have firsthand knowledge of the van in question, the trial court abused its discretion when it ruled that Clark was unqualified to give his opinion as to the value of a 1987 GMC Safari van having 110,000 miles on the odometer. Having established the typical value of a 1987 GMC Safari van having 110,000 miles on the odometer, the parties would have then been entitled to elicit evidence concerning anything unique to White’s van that might have increased or lowered its value.
“ ‘The only predicate necessary for the receipt of opinion testimony of value is that the witness has had an opportunity to form a correct opinion of the value of the stolen property. State v. Johnson, 268 Ala. 11, 13, 104 So.2d 915 (1958); Tice v. State, 386 So.2d 1180, 1186 (Ala.Cr.App.), cert. denied, Ex parte Tice, 386 So.2d 1187 (Ala.1980); Alabama Code 1975, § 12-21-114. For purposes of offenses involving theft, “value” is defined as “(t)he market value of the property at the time and place of the criminal act.” Alabama Code 1975, § 13A-8-1(14).’ ”
Rheaume v. State, 624 So.2d 678, 682 (Ala.Crim.App.1993)(it was not error to allow manager of Jr. Food Store to give her opinion of the value of stolen VCRs; she “frequently rented out VCRs, which were identical to those stolen,” and thus had “sufficient ‘opportunity to form a correct opinion of the value of the stolen property’ ”)(quoting DeBruce v. State, 461 So.2d 889, 890 (Ala.Crim.App.1984)). Clark had sufficient expertise to offer his opinion as to the fair market value of a 1987 GMC Safari van with 110,000 miles on the odometer.
Based on the above, I would reverse Bonds’s conviction for receiving stolen property in the first degree and remand this cause for a new trial.

. There was no discussion concerning Clark's qualifications as an expert on the value of used automobiles.